E. E. POLLY ET AL. v. W. H. HOPKINS ET AL.

No. 6800.

1. **Injunction.**—A petition to enjoin a county judge from issuing county bonds for the construction of a public work which the petition avers had never been authorized by any action or order of the Commissioners Court, presents no ground for injunction, since payment of the bonds, not only in the hands of the party to whom they might be issued but in the hands of an assignee, could not be enforced.

2. **County Judge—Commissioners Court.**—Commissioners Courts alone have power to contract for the erection of public buildings, and such a contract made for a county by the county judge alone, without their sanction, imposes no obligation on the county.

3. **Injunction.**—Injunction is the remedy to restrain a commissioner from issuing county bonds under a semblance of lawful authority when in fact no power to legally issue the same exists, and when the bonds if once issued would be binding on the county. Under such circumstances an injunction may be awarded on the petition of tax payers.

4. **County Commissioners Court.**—The evidence to establish a contract which could only obtain legal sanction from the action of a County Commissioners Court must be contained in the written proceedings of the court found in its minutes. The influences which controlled the vote of any commissioner who voted for the contract is immaterial. The contract once legally made the court can not by subsequent orders annul it.

APPEAL from Hemphill. Tried below before Hon. Frank Willis.

The opinion states the case.

*J. N. Browning* and *B. M. Baker*, for appellants. — The injunction should have been dissolved because the averments in the plaintiffs' petition were wholly insufficient to entitle them to the relief sought by the bill. High on Inj., secs. 35, 36; Jones v. Macon, 39 Ga., 138; High on Inj., sec. 28; Powell v. Parker, 38 Ga., 644; High on Inj., secs. 1311, 1321; Blum v. Loggins, 53 Texas, 121; Hansborough v. Towns, 1 Texas, 59; Fulgham v. Chevallier, 10 Texas, 519; Russell v. Cage, 66 Texas, 428.

*Temple Houston, W. H. Brigsby*, and *W. H. Woodman*, for appellees.— The petition is sufficient and shows equities more than enough to entitle orators to the relief sought. High on Inj., secs. 889, 900-7, 927.

STAYTON, CHIEF JUSTICE.—This suit was brought by appellees, a number of tax payers in Hemphill County, against E. E. Polly and S. N. Pickens.

There are no other parties defendant.

The petition alleges that Polly is the county judge of Hemphill County, and that some time in June, 1888, "he signed, executed, and delivered to one S. N. Pickens, one of the defendants herein, a certain written contract * * * stipulating for the construction of a county jail at Canadian, the county seat of said county, to cost thirteen thousand dollars,

to be paid for by said county by the issuance and delivery to said Pickens of interest bearing bonds of said county sufficient to cover said amount. Plaintiffs further allege that the action of defendant in the execution and delivery of said contract was fraudulent *and in defiance of the votes and express action of a majority of the members of said Commissioners Court, duly recorded, as shown by the minutes of said court, pages 71, 73, and 74, to which reference is here made. That there is no order authorizing the construction of said jail by the said Pickens or any one else, or the entering into of any contract relative to the same, but on the contrary the said minutes plainly show that all action in reference to construction of said jail had been forbidden and expressly inhibited by said court, to which reference is here made to pages 71, 73, and 74 of said minutes. Plaintiffs further allege that E. E. Polly by fraudulent representation procured the signature to said contract of George Simpson, commissioner of Precinct No. 4 of said county, one of the plaintiffs herein, by representing to said Simpson that the construction of said jail had been ordered by said court when in truth and fact the contrary was the case, and so known by the said defendant.*"

The petition further alleges that Polly " contemplates and is attempting the erection, issuance, and delivery to said S. N. Pickens of said county interest bearing bonds in the sum of $13,000 in payment as aforesaid for the construction of said jail," and then states many reasons why, in the opinion of the plaintiffs, the jail should not be built.

The prayer is "that defendant Polly be enjoined and perpetually restrained from issuing, executing, delivering, or in any manner attempting to issue, execute, or deliver any bonds or other evidence of indebtedness on the part of said county in any wise relating to said purported contract or the erection or construction of said jail."

By a trial amendment plaintiffs set up an order of the County Commissioners Court, entered on December 12, 1888, refusing to build a jail or make any contract in reference thereto with Pickens, but the date of the order may be incorrectly stated in the transcript.

Injunction was granted on July 12, 1888, and on hearing was perpetuated.

There was a general demurrer as well as many special exceptions urged against the petition, but they were all overruled, as was a motion to dissolve the injunction based on the insufficiency of the petition as well as upon the answer, which was sworn to and contained denials of all the material allegations of the petition.

It will not be necessary to consider the many objections made to the petition, for we are of the opinion that it contains no statement of such facts as would entitle appellees to the relief they seek.

If the facts stated in the petition are true the acts which it is the purpose of this suit to prevent could not fix a liability on Hemphill County,

and the bonds if issued would be void in the hands of every person who might become their holders, for there would not be even a semblance of authority for their issuance.

County Commissioners Courts alone have power to authorize contracts to be made for the building of court houses, jails, and other buildings such as a county may need, and in the absence of such authorization a contract made by a county judge would impose no obligation, express or implied. Rev. Stats., arts. 1514, 1521; Russell v. Cage, 66 Texas, 428.

The petition expressly denies that the Commissioners Court had authorized the making of any contract whatever for the building of a jail. The foundation for a suit such as this would be found in the fact that the Commissioners Court was about to cause bonds to be issued which would be binding on the county under a semblance of lawful power when in fact no real power existed in the given case, for in such case the bonds might be held to create a valid obligation in favor of persons who in good faith might become their holders.

The petition, however, denies even a semblance of power in the county judge to make the contract alleged to have been made, or to issue the bonds. One dealing with a county for the erection of a public building could not rely upon the act or declaration of a county judge as to his power to make a contract for that purpose nor as to his power to issue bonds to pay for the building, but would have to look to the minutes of the County Commissioners Court to ascertain whether that body had directed the building to be erected, determined its plan, and authorized a given contract to be made. Rev. Stats., art. 1527; Brown v. Reese, 67 Texas, 318.

The ground on which injunctions at the suit of tax payers are granted to restrain a municipal corporation from issuing bonds is, that the issuance will be illegal but under such circumstances as to make the bonds binding on the corporation if they go into the hands of innocent holders and thus render taxation necessary to raise funds to discharge them.

If the Commissioners Court had directed the making of a contract which under some circumstances it would have power to make, which, however, under existing circumstances was unauthorized, then a tax payer might ask relief against the unauthorized act, if through it an indebtedness to anyone could arise and taxation to meet it be imposed.

If the county judge or person with whom he is alleged to have made the unauthorized contract to build a jail for the county see proper to erect it without obligation on the county to pay for it, we do not see that the tax payer has any ground for injunction.

His right to such relief depends on the fact that without it a burden which he must bear will be placed on him by an illegal act.

The tax payer is not the guardian of the good name of his county, as appellees seem to suppose themselves to be, nor is it for him or them to

determine what the county does or does not need, or what contracts are advantageous or improvident, otherwise than as represented by the commissioners elected.

If all the necessary parties had been before the court, even then the general demurrer to the petition should have been sustained.

We deem it unnecessary to consider either the averments of the answer or the proceedings had upon the trial of the cause on the facts further than to say that the real· party in interest in the contract to build the jail seems not to be a party to this suit, and that what the County Commissioners Court did towards authorizing the contract to be made should be determined from the proceedings as found in its minutes.

The facts which may have influenced the vote of one or more of the commissioners is an irrelevant inquiry.

The questions are: What orders did that court make? What contract, if any, did it make, cause to be made, or approve?

If a valid contract was made the Commissioners Court had no power by an order subsequently made to annul it.

For the error of the court below in not sustaining the general demurrer to the petition its judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 28, 1889.