KING v. MARION COUNTY. (No. 1910.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 22, 1918. Rehearing Denied March 8, 1918.)

1. TAXATION ⟐549(1) — TAX COLLECTOR — FEES—"RECORD."

The word "record," as used in Acts 34th Leg. c. 147, fixing the compensation of the tax collector for preparing a delinquent tax record at "five cents each and every line of yearly delinquency entered on such delinquent record," is not synonymous with "book," "volume," or "copy," and the collector is not entitled to double the fee where he copied the compiled matter into a duplicate book.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Record.]

2. EVIDENCE ⟐387(10) — PAROL EVIDENCE — CONTRACTING OFFICIAL RECORDS.

In view of Rev. St. 1911, art. 2276, where tax collector sues county for fees for preparation of a delinquent tax record, under an order of the commissioners' court, parol evidence that the order did not correctly describe the contract is inadmissible, as contradicting the record.

Appeal from District Court, Marion County; J. A. Ward, Judge.

Action by J. T. King against Marion County. Judgment for plaintiff for partial relief, and he appeals. Affirmed.

T. D. Rowell, of Jefferson, for appellant. Armistead & Benefield, of Jefferson, for appellee.

HODGES, J. [1] The appellant sued Marion county for the recovery of $3,445.00 as fees due for making a delinquent tax record in compliance with the act of April 3, 1915, and other provisions of the general law. See Acts of 1915, p. 250. He appeals from the judgment in his favor for only $1,516.56. This sum he claims was less than he was entitled to under the law which fixes his compensation. The following are the provisions upon which he relied:

"The tax collector shall, in addition to the compensation and costs now allowed by law, be entitled for making up the delinquent record or supplement thereto where necessary under this act the sum of five cents for each and every line of yearly delinquencies entered on said delinquent record or supplement, such compensation to be paid out of the general fund of the county upon the completion of said record or [said] supplement." Acts 1915, p. 252.

The court found that the appellant had prepared a duplicate record in accordance with law, which contained 34,450 lines, which at 5 cents each amounted to $1,722.50. From this sum he deducted $205.94 allowed as an

offset at the instance of the county, and rendered a judgment for the remainder. In estimating the total amount due the court made no allowance for the separate entries in the copies or duplicate records. Appellant contends that such was not the correct construction of the law. He claims that he was entitled to 5 cents per line in each of the two copies of the record, which would have made twice the amount allowed by the court. The word "record," as here used, is not synonymous with "book," "volume," or "copy," but means the compiled matter which is entered in the book or volume. Having made the preparation of duplicates, or two exact copies, compulsory, there was no occasion for requiring that a copy should be taken into consideration in estimating the amount of the fees earned. Since the same data must be entered twice in every instance in order to complete the record required, the use of the singular form of "said delinquent record" is very significant. The Legislature intended to adjust the compensation to the labor which the tax collector was required to perform. This, we know, consisted mainly in the search for and collection of the necessary data preparatory to making the entries. The latter is comparatively a small part of the legal duty imposed. We think the trial judge correctly construed the statute.

[2] Appellant further objected to the action of the court in deducting the sum of $205.94 from the amount found to be due. This deduction was based upon a finding that the appellant had retained that sum from the amount of taxes previously collected by him which should have been paid into the county treasury. The appellee offered in evidence an order of the commissioners' court showing that at a former date it had entered into a contract with the appellant for the preparation of a delinquent tax record which was to be used by the county attorney in bringing suits for delinquent taxes, and that the appellant was to receive a certain percentage of the delinquent taxes collected by him as his compensation. This order had been entered upon the minutes at the date named. The appellant admitted that he had not made the delinquent tax record described in this order. He claimed, however, that the order did not correctly describe his contract with the county, and offered to testify to an oral agreement materially different with which he claims to have complied. The court, we think, properly refused

to hear this parol contradiction of the record of the commissioners' court. Gano v. Palo Pinto Co., 71 Tex. 99, 8 S. W. 634; Brown v. Reese, 67 Tex. 318, 3 S. W. 292; Polly, etc., v. Hopkins, 74 Tex. 145, 11 S. W. 1084. Article 2276 of the Revised Civil Statutes requires such matters to be entered of record.

The judgment of the trial court is affirmed.