**SHERMAN et al. v. CAGE et al.   (No. 8882.)**

(Court of Civil Appeals of Texas.   Galveston. Nov. 12, 1925.)

**1. States ⊕203—Contract for construction of highway, made by state highway commission, is contract of state; state necessary party to suit for cancellation.**

Contract for construction of highway, made by state highway commission, is a contract of the state, and in suit for cancellation thereof state is a necessary party.

**2. States ⊕191(2)—Suit against agency of state is suit against state, and cannot be maintained without its consent.**

Suit against agency of the state seeking enforcement or cancellation of a contract, which such agency was authorized to make for the state, is a suit against the state, which cannot be maintained without latter's consent granted by Legislature.

**3. States ⊕191(1)—Same rules of pleading and procedure applicable to state as applied to other litigants.**

Same rules of pleading and procedure are applicable to state and Attorney General as are applied to other litigants and attorneys.

**4. Parties ⊕44—Intervention not allowed in pending suit in court of record without written pleadings.**

No one can intervene and become a party to a pending suit in a court of record without written pleadings showing his interest in the subject-matter and right to intervene and have his interest adjudicated and protected by judgment.

**5. Highways ⊕130½, New, vol. 12A Key-No. Series—State necessary party in suit by taxpayers to cancel contract of state highway commission; omission not cured by appearance of Attorney General for highway commission.**

State held necessary party in suit by taxpayers to cancel contract for construction of highway entered into by state highway commission, which omission was not supplied by appearance of Attorney General as attorney for highway commission and his oral statement to court after evidence had been heard that in his opinion contract should be canceled, and that he joined in prayer of plaintiffs for cancellation.

**6. Officers ⊕119—Suit not maintainable against public officer unless plaintiff shows damages different from those suffered by public at large.**

A suit in equity cannot be maintained against a public officer acting under color of authority unless plaintiff shows damages special to himself, different from those suffered by public at large.

**7. Highways ⊕130½, New, vol. 12A Key-No. Series—Taxpayers held entitled to enjoin highway commission from paying any part of fund to contractor not due under contract.**

Taxpayers, who were direct contributors to fund from which payments to contractor were made under its contract with state for construction of a highway, held entitled to enjoin highway commission from paying any part of such fund to contractor not due under contract.

**8. Highways ⊕130½, New, vol. 12A Key-No. Series—Petition alleged cause of action to restrain state highway commission from making payments to contractor under contract for construction of highway.**

Petition held sufficient to allege a cause of action to restrain payment by state highway commission of bills presented by contractor for amounts claimed for work performed by it under contract for construction of a highway at prices in excess of those named in contract.

**9. Appeal and error ⊕931(4)—Trial court's failure to grant injunction for examination of highway commission's records constituted finding that evidence did not authorize such relief.**

In suit to restrain highway commission from paying bills presented by contractor under contract for construction of highway, failure of trial court to grant injunction in reference to examination by plaintiffs of records of highway commission, and restraining removal of such records from jurisdiction of court, must be regarded as a finding by court that evidence did not authorize such relief.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by D.`S. Cage and others against L. A. Sherman and others, in which Chester H. Bryan intervened. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

King & Battaile, of Houston, for appellants.

Amerman & Sears, of Houston, and Dan Moody, Atty. Gen., and Ernest May, Asst. Atty. Gen., for appellees.

PLEASANTS, C. J. This suit was brought by D. S. Cage and six other named plaintiffs, all resident taxpayers of Harris county, against Frank Lanham, Joseph Burkett, and John H. Bickett, composing the state highway commission of the state of Texas, E. S. Atkinson, engineer of the highway commission, and L. A. Sherman and F. C. Youmans, composing the firm of Sherman-Youmans Construction Company.

The main, if not the sole, purpose of the suit is to have a contract made by the highway commission with the Sherman-Youmans Company declared invalid and set aside for fraud in its procurement, and to recover for the use and benefit of the state the amount alleged to have been unlawfully received by defendant company under its contract.

By leave of court, Chester H. Bryan, a resident and taxpayer of Harris county, intervened in the suit as a plaintiff, and adopted as his own all of the allegations and the prayer of the original petition.

Plaintiffs' petition, for cause of action, alleges in substance: That on or about March 2, 1925, the highway commission entered into a written contract with defendant Sherman-Youmans Company for the improvement of state highways in Harris county; that by the terms of this contract the contractor agreed to furnish all of the shell, gravel and rock necessary for the improvements designated at actual cost price plus 10 per cent., and to apply an asphalt topping to the designated highways at a price of 32 cents per square yard; that shortly after the execution of this contract the defendant company began the work of improving the highways designated in the contract, and from time to time thereafter filed with Mr. Kelly, the engineer then representing the highway commission, for approval and payment bills for the work done by it under the contract; that in filing these bills the defendant company filed false and fictitious bills, in that the bills placed the actual cost of the material furnished by defendant company upon which the amount due it under the contract was based at a much larger amount than the true, actual cost of such material, and in most cases the bills so filed asked payment for the material furnished at the rate of $3 per ton without stating the actual cost thereof, which amount was largely in excess of the actual cost plus 10 per cent. that the defendant was entitled to receive under its contract; that these false and fictitious bills were approved and paid by the defendant highway commission. It is then alleged:

"These plaintiffs respectfully show the court that the amounts paid the defendants Sherman and Youmans Construction Company were excessive·to such an extent as to lead to the plain inference of fraud, or that said contractors have overreached the highway commission as hereinafter set out."

It is further alleged that the price of 32 cents per square yard fixed by the contract for the asphalt topping of the highways was grossly in excess of the reasonable cost of such improvements; that the same work was being done upon other roads in Harris county under contracts with the commissioners' court, made at the time the contract involved in this suit was executed, at prices ranging from 16 to 17½ cents per square yard. It is then alleged:

"That the amount paid said contractors was at least 50 per cent. more than the real value of the work had the same been let in a fair, honest, and competent manner, and that in so letting the contracts 'said highway commission acted in·reckless disregard of their duties and in reckless disregard of the true price to be paid for the work, or were actuated by fraudulent motives, or were overreached by the contractors, all as hereinafter more definitely set out.

"Plaintiffs allege that it is the plain duty of the state highway department to familiarize itself, by the compiling of statistics and otherwise, of the cost of construction of the different classes of roads in the various counties, including Harris county, and that if it failed to so familiarize itself with said costs, and was not familiar with the prevailing cost of road work·in Harris county, and did not know·what such costs were at the time of the letting of the contract, then plaintiffs charge that the members of said board acted in reckless disregard of the rights of the state and the taxpayers in letting said work, and either made a contract that was excessive and exorbitant, or permitted the contractors to overreach them and to secure their acceptance of a bid that was known to the contractors to be excessive and exorbitant, and was either known to be excessive and exorbitant to the highway commissioners or that they made the same without any fair competition or any investigation whatever as to the cost of construction. Plaintiffs say that these allegations apply in like manner to the cost of furnishing shell as well as the furnishing of asphalt, and that either the highway commissioners were ignorant of the prices to be charged for road materials in Harris county or that they knowingly permitted an excessive contract for shell and asphalt to be made, or if they were ignorant of the price that the contractor deliberately overreached the board in having them approve the contract grossly excessive and exorbitant. * * *

"Plaintiffs would further show to the court that there are on file at the present time with the highway commission, either in the office of E. S. Atkinson, its district or resident engineer, in Houston, Tex., or in the office of the state highway commission at Austin, Tex., cer-

tain bills submitted by the Sherman-Youmans Construction Company for payment for shell furnished and for asphalt surface laid in accordance with the terms of its pretended contract, and plaintiffs allege that the bills so filed for payment are not only for an excessive price but for a price greater than that provided for in the contract, and that the bill for 'asphalt treatment is based upon the excessive figures provided for in the contract, and for large amount of yardage never furnished. Plaintiffs allege that they are unable to furnish the court an itemized list of the bills now on file and pending for payment, for the reason that one of the plaintiffs, R. H. Spencer, has repeatedly requested not only Mr. Atkinson, the resident engineer, but also the members of the commission and their engineer at Austin to exhibit to him said bills in order that he could be apprised as to whether or not the same are excessive, but that he has repeatedly been refused access to said bills; that said bills are now in Harris county, Tex., in the control of E. S. Atkinson, or in the control of persons known to R. S. Atkinson, and that the said highway department has consistently denied persons representing these plaintiffs the right to examine said bills to determine whether or not the same are excessive, in spite of the fact that the same constitute public records, and are by law available to proper inspections in the hands of their proper custodians at all reasonable times. Upon information and belief, plaintiffs allege that said bills for shell and asphalt surface are excessive in amount in like manner as the bills previously filed, approved, and paid, as above set out."

It is also alleged that plaintiffs have been denied access to the books and papers of the highway commission for the purpose of ascertaining the amount of excess in the bills filed with and approved by the engineer for payment to defendant company.

Further allegations and prayer of the petition are as follows:

"That the plaintiffs, represented by R. H. Spencer, acting for himself and other taxpayers, have exhausted any hope of redress through the highway commission, and are compelled, as taxpayers, to sue on behalf of themselves and all other taxpayers of Harris county and of the state similarly situated for redress and for cancellation of said illegal contract.

"Wherefore plaintiffs pray the court for relief as follows: That a temporary restraining order issue restraining the defendants, Frank Lanham, Joseph Burkett, John H. Bickett, Sr., and E. S. Atkinson, from removing any of the records of the highway department affecting the contracts of Sherman-Youmans Construction Company in this county from the jurisdiction of this court, and that a mandatory injunction issue requiring them, and each of them, to permit an inspection of said records by the plaintiffs, or their representatives, upon such terms as the court may prescribe, and that the members of said highway board, their agents, employees, and servants be restrained from approving, allowing or paying any bills due Sherman-Youmans Construction Company for any work done in Harris county until the final determination of this suit, and that such temporary orders be issued as will maintain the integrity of said records, and to restrain further payments to Sherman-Youmans Construction Company; that citations issue, and that upon final hearing the plaintiffs, as such state and county taxpayers, for the use and benefit of the state of Texas, and the taxpayers thereof, recover of and from L. A. Sherman and F. C. Youmans any amounts shown to have been paid in excess of the legal and proper amount for work performed, and that said contracts be held void and of no force and effect, and that the members of the highway department, their agents, servants, and employees, and the said defendants Sherman and Youmans, each and all be restrained from proceeding further under said contracts, and that if it be found necessary an auditor be appointed by the court to examine into the records and the costs involved, and for such relief, general and special, to which the plaintiffs as such taxpayers may be entitled, as in duty bound they will ever pray."

The hearing in the court below in which the judgment appealed from was rendered was upon plaintiffs' application for temporary injunction. The defendant company filed and presented pleas in abatement, on the ground that only the state could maintain a suit to cancel the contract here involved, and that plaintiffs' petition fails to show that plaintiffs have any interest in the subject-matter of the suit except that common to the public, and, showing no special interest in themselves, they cannot maintain the suit.

The Attorney General filed an answer for the highway commission, which consists of a general demurrer and general denial.

The trial court overruled the pleas in abatement, and, after hearing evidence adduced by plaintiffs, rendered judgment granting a temporary injunction, restraining the defendants Frank Lanham, Joseph Burkett, and John Bickett, members of the state highway commission, and E. S. Atkinson, engineer for said commission, their agents, or employees from allowing approving or paying any bills rendered by the defendants Sherman-Youmans Company for any work done in Harris county under the contract complained of by plaintiffs.

At the request of appellant Sherman-Youmans Company, the trial court filed the following findings of fact and conclusions of law:

### Findings of Facts.

1. The court finds that the prevailing price for the construction of asphalt topped roads at the time when the contract involved in this suit was let by the highway commission to Sherman-Youmans Construction Company, based upon the state specifications, was between 16½ and 17 cents per square yard, and that 'the defendant highway commission entered into a contract with the Sherman-Youmans Construction Company for the price of 32 cents per square yard.

2. The court finds that at the time when said contract was let by the commission there were being constructed in Harris county roads of the same kind and character as those covered by the contract, and that Harris county was

procuring bids and contracts executed at about one-half of the price at which the highway commission was proposing and did let the contract to the Sherman-Youmans Construction Company, taking into consideration the state specifications.

3. The court finds that there was available in the office of the county engineer and the county auditor of Harris county tabulated information showing in detail the various kinds and characters of roads and their costs, including the cost of shell and other material, and the cost of laying asphalt topped roads in Harris county, and that this information was at all times available to the highway commission had they desired to take advantage of it; and also that this information shows that at the time of letting said contract the cost of shell and other road material and the cost of laying asphalt topped roads in Harris county was approximately one-half of the price at which said contract was let to the Sherman-Youmans Construction Company.

4. The court finds that the price at which said contract was let is so excessive as to be exorbitant, and that in letting said contract the highway commission acted in gross and reckless disregard of its duties, and that its action was not governed by a proper use of discretion, but constituted a gross abuse of such discretion to such an extent as to invoke the equity powers of the court, and to relieve the taxpayers of the burden of said contract.

5. The court finds that actual fraud was not established by the evidence introduced.

6. The court finds that R. H. Spencer, acting for himself as a member of the commissioners' court of Harris county, Tex., and on behalf of the taxpayers and automobile license payers, applied to the highway board for redress under this contract, but that redress was refused, and this suit was filed.

### Conclusions of Law.

The court concludes that the allegations of plaintiffs' and interveners' petitions show a cause of action against the defendants, and that the court through its equity jurisdiction has the power to revise the exercise of the discretion vested in the highway commission when it is clearly shown that it has transcended its power and that its discretion has been abused. The effect of these findings and conclusions necessarily leads to the granting of a temporary injunction, which has accordingly been ordered.

Appellant made no answer to the merits in the court below, and offered no testimony contradictory of the testimony adduced by plaintiffs, and does not in this court question the sufficiency of the evidence to sustain the fact findings of the trial court. The only question presented for our determination is: Did the trial court err in overruling the pleas in abatement?

[1] The contract made by the state highway commission, an agency of the state authorized by law to make contracts of this character for the benefit of the state, is the contract of the state, and in any suit having for its purpose the cancellation of the contract, the state is a necessary party.

[2] It is well settled that a suit against any agency or department of the state, seeking the enforcement of a contract which it was authorized to make for the state, is a suit against the state, which cannot be maintained without the consent of the state, granted by the Legislature. Herring et al. v. Houston National Bank (Tex. Sup.) 269 S. W. 1031; Stephens v. Railway Co., 100 Tex. 177, 97 S. W. 309. There can be no reason for applying a different rule in a suit to cancel a contract to which the state is a party.

The rules of law applicable in suits of this character are the same in contracts to which the state is a party as in those between individuals, and it would hardly be contended that the contract of a citizen could be legally canceled in a suit in which he was not a party. Polly v. Hopkins et al., 74 Tex. 145, 11 S. W. 1084; Basham v. Holcombe et al. (Tex. Sup.) 240 S. W. 691–693.

It follows from these general principles and rules of law that plaintiffs' suit, in so far as it seeks to cancel the contract made with appellant company by the highway commission, must fail for lack of a necessary party, unless appellees' contention that the appearance of the Attorney General as attorney for the highway commission, for which he filed an answer consisting of a general demurrer and a general denial, and his oral statement to the court after the evidence had been heard that in his opinion the contract should be canceled, and that he joined in the prayer of plaintiffs for the issuance of an injunction restraining its further execution, not only made the state a party to the suit, but made the suit one brought by the state to cancel the contract. It seems to us that the unsoundness of this contention is too plain for argument.

[3, 4] The same rules of pleading and procedure must be applied to the state and the Attorney General as are applied to other litigants and attorneys, and it goes without saying that no one can intervene and become a party to a pending suit in a court of record without written pleadings, showing his interest in the subject-matter and his right to intervene in the suit and have his interest adjudicated and protected by the judgment.

The pleadings in this record only show that the Attorney General represented the highway commission, and as attorney for this defendant had filed a general demurrer and general denial, and he could not, by any verbal statements he may have made to the court, so change his attitude in the litigation as to become the representative of the state, demanding on its behalf the annulment of the contract.

The reason for and wisdom of the statutes and rule of decision, which vests solely in the state, acting through its Attorney General, the right to maintain a suit to cancel a contract made by the state, is thus clearly and forcibly stated by our Supreme Court in the case of Charles Scribner's Sons v. Marrs, 262 S. W. 722:

"The state itself, through its proper officers, may contest the validity of its contracts, or for sufficient cause may maintain action to annul them. The Attorney General of the state is the officer authorized by law to protect the interests of the state in matters of this kind, and to determine whether or not suits shall be brought in behalf of the state to test the validity of its contracts, or to annul them. This discretionary power is lodged with him. The wisdom of this is easily seen.

"The founders of our government and our lawmakers knew that contracts involving large sums would be entered into by the state, and that many bidders and rival concerns would compete for such contracts. The government placed in the hands and under the control of the legal department, which makes no contracts itself, the authority, duty, and responsibility of passing upon the validity of such contracts and of bringing actions to cancel them, if deemed advisable. Doubtless this was done for reasons consistent with the harmonious and effective administration of governmental affairs.

"The office of Attorney General is one of ancient origin, and in all jurisdictions its duties have been multifarious, necessarily involving at all times the exercise of broad judgment and discretion. See generally 6 Corpus Juris, p. 804, article 'Attorney General.' Even in the matter of bringing suits the Attorney General must exercise judgment and discretion, which will not be controlled by other authorities. Lewright v. Bell, 94 Tex. 556, 63 S. W. 623."

[5] In the case quoted from, the authority of the Attorney General to bring suit on behalf of the state to cancel any contract made by the text-book commission for fraud or collusion, or for material breach of the contract, was expressly given in the statute creating the commission and granting it power to make contracts for the state. The question of the authority of the Attorney General to bring suit for the state to cancel the contract involved in this case upon the grounds alleged in plaintiffs' petition is not passed upon; it being only necessary for the decision of this appeal to hold that the suit can only be brought by the state. This brings us to a consideration of the other ground of abatement urged by the appellants.

[6] It has been often held in this state, and the rule is sustained by the great weight of authority, that a plaintiff cannot maintain a suit in equity against a public officer acting under color of authority without showing damages special to himself different from those suffered by the public at large. Lawson v. Baker (Tex. Civ. App.) 220 S. W. 260. It is earnestly insisted by appellant that under this rule plaintiffs, having no interest in the subject-matter of the suit and showing no damage to themselves other than the interest and damage common to all citizens and taxpayers, have no right to enjoin any act of the highway commission in the carrying out of the contract.

[7] The court has reached the conclusion

that plaintiffs, as taxpayers, especially the intervening plaintiff Bryan, who alleged and proved that he was the owner of an automobile and had paid the license tax thereon, being direct contributors to the fund from which payments to appellant are made under its contract with the state, have the right to enjoin the highway commission from paying any part of said fund to appellant not due it under the contract. If the highway commission should pay out any portion of this fund for any purpose other than that authorized by the law under which the fund was created and must be administered, the payment would be illegal, and a suit to enjoin such payment is not a suit against the state; and any taxpayer contributing to the fund would have the right to enjoin the payment. This seems to be the effect of the opinion of the Court of Civil Appeals for the Fourth District in the case of Terrell v. Middleton, 187 S. W. 369. The decision cited was approved by the Supreme Court by its refusal to grant a writ of error therefrom.

From this decision it would seem that any payment by the highway commission to appellant for work done by it, at a price exceeding that named in the contract, would be such an unauthorized and illegal act on the part of the commission as would entitle a taxpayer who contributed to the fund out of which the payment is made to maintain a suit to prevent such excess payment.

[8] Giving every reasonable intendment to the allegations of plaintiffs' petition, we have concluded, with grave doubts, however, on the part of the writer, that it sufficiently alleges a cause of action to restrain the payment by the highway commission of bills presented by appellant for amounts claimed for work performed by it at prices in excess of the prices named in the contract, and that plaintiffs are entitled to an injunction restraining the payment of such excess.

[9] The failure of the trial court to grant the injunction asked by appellees in reference to the examination by plaintiffs of the records and papers of the highway commission, and restraining the removal of such records from the jurisdiction of the court, must be regarded as a finding by the court that the evidence did not authorize such relief. We find nothing in the record which would require us to disturb this conclusion of the trial court.

From our conclusions, before expressed, upon the material questions presented by the record, it follows that the judgment of the trial court, restraining the highway commission and its engineer, E. S. Atkinson, from paying or approving any bills presented by appellant for work done under its contract, will be reversed and judgment here rendered restraining the highway commission and E. S. Atkinson, its engineer, from paying or approving any bills presented by appellant for

work done under its contract, based on a price in excess of that fixed by the contract.

Reversed and rendered.