**WOMACK et al. v. CITY OF WEST UNIVERSITY PLACE et al.**

No. 2028.

Court of Civil Appeals of Texas. Beaumont.

Nov. 20, 1930.

W. F. Johnson, of Houston, for appellants.

J. H. Painter, Robt. L. Sonfield, and Sewall Myer, all of Houston, for appellees.

O'QUINN, J.

March 6, 1930, this suit was brought in the district court of Harris county, Tex., by C. M. Womack, E. H. Houze, and Chas. T. Garlick, as duly qualified voters, property owners, and taxpayers residing in the city of West University Place, on behalf of themselves and others similarly situated, against the city of West University Place, H. B. Schlesinger, the mayor, and J. A. Walling and P. R. Plumb, commissioners of said city, seeking to enjoin the issuance and sale of certain waterworks bonds in the sum of $100,000, as provided for in an ordinance passed by the city commission of said city August 26, 1929, and to enjoin the city and the commissioners thereof from using said bonds or the proceeds thereof for purposes not provided for in the ordinance, and to have said bonds declared void.

A temporary injunction was granted, and appellees were cited to appear on March 13, 1930, to show cause why said injunction should not be made permanent. On the day set for hearing, March 13, 1930, appellants filed their amended petition, and defendants appellees filed a plea in abatement alleging, in substance, that the suit should abate because appellants were not entitled to the relief sought, which would have the effect of taking into control and regulating the discretionary acts of the governing body of the city and to prevent the officers of said city from exercising their discretion in determining the necessity of extending the waterworks system of said city and the making of contracts necessary to the accomplishment of same.

Appellees also filed answer, subject to their plea in abatement, consisting of a general demurrer, numerous special exceptions, general denial, and specially that all the proceedings concerning the issuance of said waterworks mortgage bonds were under and in accordance with articles 1111 to 1118, R. S. 1925; that under said law the city had the authority to borrow money for the improvement and extension of its waterworks and sewer system and to mortgage same and the franchise and revenues thereof to secure the payment of said money; that same was not the incurring of a debt by the city, but was solely a charge upon the property incumbered; that same was not a constitutional debt of the city, and was not and could never be payable out of any funds of the city raised by taxation; that said bonds contained the following clause: "The holders hereof shall never have the right to demand payment of this obligation out of any funds raised or to be raised by taxation."

All the pleadings of the parties were properly verified.

The case was heard on the pleadings, and the court sustained appellees' plea in abatement and general demurrer, and, appellants declining to amend, judgment was rendered sustaining appellees' plea in abatement and general demurrer, and the temporary injunction theretofore granted was dissolved, and a further injunction or permanent injunction was denied. This appeal is from that judgment.

At the outset in the consideration of the case, we are met with a motion of appellees to dismiss appellants' appeal. The ground urged for dismissal is that appellants failed to file their brief until Friday October 25th, and the case was set for submission on Monday October 27th; that the filing of said brief at this date deprived appellees of their right to answer same, it being impossible to do so in the time between said filing and the date of submission. The motion to dismiss was filed on the morning the case was set for submission. No motion was made for a postponement of submission. We took the motion with the case. Several days after submission, appellees filed a brief which they say is subject to their motion to dismiss and to be considered only in the event said motion was overruled. If appellees had stood on their motion to dismiss and filed no brief but insisted that the appeal be dismissed, the motion would have been sustained, but, as they did not do so, but have prepared and filed herein a brief, we overrule the motion to dismiss.

It will not be necessary to consider the many objections appellees made to the petition, for we are of the opinion that it contains no statement of such facts as would entitle appellants to the relief they seek. The judgment should be affirmed for two reasons:

(a) Appellants alleged in their petition that the bonds were issued without authority of law and void, pleading nine reasons for their being void, for which reasons they say the bonds could not be collected. If the facts stated in the petition are true, the acts which it is the purpose of this suit to prevent could not fix a liability against the city, and the bonds would be void in the hands of every person who might become their holders, for there would not be a semblance of authority for their issuance, and in no event could the bonds injuriously affect the rights of appellants. Polly v. Hopkins, 74 Tex. 145, 11 S. W. 1084.

(b) Appellants allege in their petition that the bonds were invalid, in that, before the city could issue same, the question of their issuance must have first been submitted to the qualified voters who are property taxpayers of the city, as required by articles 701 to 717, R. S. 1925, which was not done, but that same were merely authorized by an ordinance passed by the city. It appears from the answer of appellees that the city officials, in authorizing the issuance of the bonds, were not acting under and by virtue of article 701, or of any other article of chapter 1 of title 22, R. S., but that that they were acting, as they were authorized to do, under article 1111, R. S. 1925, as amended by Acts of the Fortieth Legislature, c. 194, § 1 (Vernon's Ann. Civ. St. art. 1111) and article 1114, which read:

Article 1111: "All cities and towns operating under this title have power to mortgage and encumber their light systems, water systems, or sewer systems, either, both, or all, and the franchise and income thereof, and everything pertaining thereto, acquired or to be acquired, to secure the payment of funds to purchase same, or to purchase additional water powers, riparian rights, or to build, improve, enlarge, extend or repair such systems, or either, or all of them, and as additional security therefor, by the terms of such encumbrance, may grant to the purchaser under sale or foreclosure thereunder, a franchise to operate the systems and properties so purchased for a term of not over twenty years after such purchase, subject to all laws regulating same then in force. No such obligation shall ever be a debt of such city or town, but solely a charge upon the properties so encumbered and shall never be reckoned in determining the power of such city or town to issue any bonds for any purpose authorized by law."

Article 1114: "Every contract, bond or note issued or executed under this law shall contain this clause: 'The holder hereof shall never have the right to demand payment of this obligation out of any funds raised or to be raised by taxation.'"

It will be observed that article 1111 provides that no obligation created under its authority shall ever be a debt of the city or town, but the same shall be solely a charge upon the property so incumbered, and shall never be reckoned in determining the power of such city or town to issue bonds for any purpose authorized by law; also that article 1114 provides that "every contract, bond or note issued or executed under this law shall contain this clause: 'The holder hereof shall never have the right to demand payment of this obligation out of any funds raised or to be raised by taxation.'" The sworn answer of appellees pleaded article 1111 as the basis for the ordinance and the issuance of the bonds, and the bonds contained the provisions of article 1114. So the allegations of appellants' petition fail to point out any injury that could come to them by reason of the issuance of the bonds.

But appellants insist appellees were without authority to issue the bonds in the sum of $100,000, as was done, because article 1112, R. S., as amended by Acts 40th Leg. c.

932

194, § 2 (Vernon's Ann. Civ. St. art. 1112), requires that debts so created for more than $5,000 shall be done only by a vote of the legally qualified taxpaying voters of the city.

Article 1112 reads: "No such light, water, or sewer system shall ever be sold until such sale is authorized by a majority vote of the qualified voters of such city or town; nor shall same be encumbered for more than five thousand dollars, except for purchase money, or for extensions, or to refund any existing indebtedness, until authorized in like manner. Such vote in either case shall be ascertained at an election, of which notice shall be given in like manner as in cases of the issuance of municipal bonds by such cities and towns."

The ordinance authorizing the issuance of the bonds is set out in appellants' petition. It recites that the bonds are to provide for refunding the existing indebtedness of the waterworks system and the extension of the municipal water and sewer plants and systems. It will be observed that article 1112, supra, authorizes the issuance of bonds in excess of $5,000 without a vote where the proceeds of the bonds are to be used to pay for the "purchase money, or for extensions, or to refund any existing indebtedness." In this case the bonds were to be used to refund existing indebtedness of the waterworks system and to extend the waterworks and sewer systems. So it appears that the ordinance was strictly in accord with the law, and no submission of the question to a vote was necessary.

The judgment is affirmed.