**TYRRELL & GARTH INV. CO. et al. v. CITY OF HIGHLANDS et al.**

**No. 2605.**

Court of Civil Appeals of Texas. El Paso.

Dec. 31, 1931.

Franklin & Blankenbecker, of Houston, for appellants.

Reid & Strickland, of Goose Creek, for appellees.

PELPHREY, C. J.

Appellants brought this suit against the city of Highlands, Harris county, Tex., its mayor and city commissioners, to enjoin the carrying out of a proposed contract between the city and A. O. Harper, doing business under the name of the Harper Construction Company, for the construction by the latter of a waterworks and sewer system for the city. Notice to show cause why a temporary injunction should not be issued was given to the mayor, city commissioners, and Harper, and upon a hearing the trial court denied the injunction. From such order this appeal has been perfected.

Appellants in their brief have set forth what they term the substance of the contract, and we shall here quote their statement thereof:

"It is recited that Harper Construction Company, contractor, has agreed to furnish an adequate water system and sewage disposal plant in accordance with a survey, plans and specifications made, to be attached and approved by the Mayor and Commissioners as a part of the contract. The contractor agreed to supply water at not to exceed $1.50 for the first 1000 gallons for the ordinary residence, and all other rates to be set by ordinance. It was agreed that such systems would be constructed in such manner and proportions as would take care of the needs of the city and 'embodied in the estimates referred to as a part of the contract.'

"It was further agreed that the contractor would dig such a well or wells as might be necessary and lay pipe in size and quantity necessary for all purposes. It was further agreed that the company would 'construct such sewage' in size and in quantity as necessary for disposing of the sewage at such depths as provided by the regulations of the State Health Department, and to charge not to exceed $1.50 per month per ordinary subscriber, all other rates to be set by the council.

"It was agreed that the City would give to the contractor an easement over its public streets for the construction of ditches for laying the necessary lines. The contractor agreed to furnish fire plugs on such street corners as would meet the needs of the City of fire protection. The City agreed to employ and furnish an engineer to pass on all work and materials and to make recommendations to the council in connection with the projects and that $——— was to be paid by the ——— to said engineer for services rendered to the City. The Contractor agreed to work with the engineer and the City Commissioners 'and to make recommendations accompanied by map or maps showing the property, streets, alleys, roads and thoroughfares upon which the proposed water and sewer lines are to be run; and also plans and specifications of reservoir tower and tank, disposal plant, materials, lampholes and other data necessary to said commission.'

"The contractor agreed 'to submit an estimate showing the cost of operation of the completed plants together with maintenance of same.' The City agreed to furnish site for wells, tanks and tower for which contractor agreed to pay not over $750.00.

"The City agreed to pay contractor $103,-000.00, to be evidenced by a first mortgage lien upon the physical properties of both the water works and sewer systems and a further lien upon the revenues derived therefrom.

"The City agreed to issue bonds to be known as 'Water Works and sewer revenue bonds' of the City in denominations of $500.-00 each dated the date of the contract, to bear interest at 6% per annum, payable semiannually and to mature serially over a period not to exceed 30 years, to have printed on the face thereof, 'The holder hereof shall never have the right to demand payment of this obligation out of any funds raised or to be raised by taxation.'

"It was further agreed that upon execution of the contract, the City was to issue to the Contractor warrants of the City payable out of the revenue of the water works and sewer systems when installed in the denomination of $500.00 each due one year from date with interest at 6%, and to be exchanged for revenue bonds of like denomination when issued.

"It is stated that these warrants are issued to cover estimated cost of engineering fees, and the expense of making the survey, plans and specifications, legal services and other preliminary work.

"It was further agreed that the contractor would, immediately upon the acceptance and adoption of the plans and specifications to be submitted by him, begin construction and complete the work in six months from the date of the contract, and that on the 1st and 15th of each month, contractor would file a report showing progress of the work and an itemized statement of the work done and material furnished and the cost; that upon approval of same by the City engineer, the City would deliver to contractor revenue bonds covering such estimates. It was agreed that all revenue bonds should specify that they were to be payable only out of the net revenues derived from the system and that no obligation thereby was created upon the City to pay them except out of said revenues.

"It was further provided that there was set aside, set over and assigned to the contractor 'all revenues from both the water works system and sewage over and above the actual cost of operation,' the latter to include' the furnishing and installation of additional meters when required, 'said revenues to be used for no other purpose until these bonds have been retired.'

"It was further agreed that the systems 'shall be in the hands of the City Commission as Trustee to operate and maintain.'"

Appellants contend that they are entitled to a temporary injunction because the contract was void, authority to execute such contract not being given by any ordinance of the city council; because it assigned to the contractor all revenues from both systems above the cost of operation and the installation of additional meters, such provision being in contravention of the statutes; because it was indefinite and ambiguous; and because it was an improvident contract and placed upon the residents of the city an impossible burden for water and sewage services which would result in prohibitive and confiscatory charges.

Appellees, on the other hand, contend that if, as contended by appellants, the contract is void, then any warrants or bonds issued by virtue thereof would also be void, and that appellants could not be injured by their issuance; that it appearing from the petition of appellants and from the evidence that any warrants or bonds issued in furtherance of the contract were not and could not be debts against the city of Highlands, then appellants as taxpayers and owners of property could not suffer any irreparable injury, as a result of their issuance; and that it appearing that there was no abuse of discretion by the trial court in refusing the temporary injunction, his action is not reviewable by this court.

■ The proposition that if the contract is void, bonds issued in pursuance thereof would also be void, and therefore could not injuriously affect the rights of appellants, seems to find full support in the authorities. Polly v. Hopkins, 74 Tex. 145, 11 S. W. 1084; Womack et al. v. City of West University Place et al. (Tex. Civ. App.) 32 S.W.(2d) 930. And especially would this be true where the contract itself provides that the holders of the bonds shall never have the right to demand payment of them out of any funds raised or to be raised by taxation.

■■ It appears also to be well settled that the granting or refusing of a temporary injunction is within the sound discretion of the district court and that court's action is not reviewable on appeal, unless it appears, clearly, that there has been an abuse thereof. Sutherland v. City of Winnsboro (Tex. Civ. App.) 225 S. W. 63; Davidson v. Wells et al. (Tex. Civ. App.) 233 S. W. 518; Pavey et al. v. McFarland et al. (Tex. Civ. App.) 234 S. W. 591; Basham v. Holcombe (Tex. Civ. App.) 240 S. W. 691; Gordon v. Hoencke et al. (Tex. Civ. App.) 253 S. W. 629; Hudson v. Kerby (Tex. Civ. App.) 5 S.W.(2d) 1007.

Under the record here we find no such abuse of discretion as would justify us in reviewing the action of the trial court, and its judgment is affirmed.