**BIRD et al. v. ALEXANDER, Judge, et al.**
**(No. 9867.)**

Court of Civil Appeals of Texas. Dallas.
March 12, 1927.

Rehearing Denied April 23, 1927.

1. Courts ⟶480(1)—District court had no authority to interfere by injunction with unexercised jurisdiction of commissioners' court to create levee district, though statutes authorizing creation were claimed unconstitutional (Laws 1925, c. 21; Rev. St. 1925, arts. 7974, 7978, 7979).

Where commissioners' court was given authority, under Laws 1925, c. 21, and Rev. St. 1925, arts. 7974, 7978, 7979, to create levee district on petition of landowners and hearing, district court had no jurisdiction to interfere by injunction with exercise by commissioners' court of jurisdiction given it by law, pending hearing and before court had rendered decision, though statutes authorizing proceedings were claimed to be unconstitutional.

2. Injunction ⟶25—Equity will not interfere with law court having jurisdiction, to control its proceeding, though no appeal lies.

Where court of law has jurisdiction of parties and subject-matter, and is exercising its jurisdiction agreeably to provisions of law conferring it, equity will not interfere to control its proceeding on account of errors of law or judgment, where trial court can properly control issues, even though no appeal lies from inferior court's decision.

3. Injunction ⟶112—Suit to enjoin exercise by commissioners' court of jurisdiction to create levee district in advance of court's decision held prematurely brought (Rev. St. 1925, arts. 7974, 7978, 7979).

Suit to enjoin members of commissioners' court from proceeding with hearing of petition for creation of levee district under Rev. St. 1925, arts. 7974, 7978, 7979, held prematurely brought where commissioners' court had not yet rendered judgment, and no review or exercise of supervisory power was sought.

4. Appeal and error ⟶20—Jurisdiction to determine appeal held limited by jurisdiction of lower court to grant relief sought.

Where lower court had no jurisdiction to grant relief sought, appellate court was without jurisdiction to hear and determine appeal.

**5. Constitutional law ☞46(3)—District court could not, in suit brought in advance of judgment to enjoin commissioners' court from creating levee improvement district, determine constitutionality of statute authorizing district's creation (Rev. St. 1925, arts. 7974, 7978, 7979).**

In proceedings to enjoin commissioners' court from creating levee improvement district under Rev St. 1925, arts. 7974, 7978, 7979, prior to decision of commissioners' court, district court had no jurisdiction to hear and determine question of constitutionality of law authorizing creation of levee districts; it being assumed commissioners' court would act in conformity with constitutional requirements.

**6. Evidence ☞82—In suit to enjoin proceedings in another court on ground of statute's unconstitutionality, it is presumed other court will enforce Constitution.**

In suit to enjoin proceedings under alleged unconstitutional statute, it will be presumed determination of court given jurisdiction by statute will be in conformity with Constitution.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by D. D. Bird and others against F. H. Alexander, Presiding Judge of the Commissioners' Court of Dallas County, and others, for an injunction. Judgment for defendants, and plaintiffs appeal. Affirmed.

See, also, 288 S. W. 606.

Phillips, Townsend & Phillips, Clark & Clark, H. P. Edwards, and Tom Scurry, all of Dallas, for appellants.

E. E. Hurt, Nathaniel Jacks, and W. P. Dumas, all of Dallas, for appellees.

VAUGHAN, J. Appellants D. D. Bird, Chicago, Rock Island & Gulf Railway Company, a corporation, Cole Land & Investment Company, a corporation, Walker G. Edwards, and Riverside Realty Corporation of Dallas, Tex., a corporation, as plaintiffs, by their petition duly presented to and acted upon by the judge of the trial court, obtained a temporary writ of injunction against the commissioners' court of the county of Dallas, state of Texas, and F. H. Alexander, the duly elected and qualified presiding judge thereof, and J. W Gill, J. W. Slaughter, Jim Miller, and G. W. Ledbetter, the members of said court, enjoining and restraining said appellees "from creating a levee improvement district to be known as city and county of Dallas levee improvement district, and described in the petition filed in the commissioners' court on March 29, 1926, seeking the creation of said district, until further order of the Ninety-Fifth district court to be holden within and for the county of Dallas, Tex., at the courthouse thereof in the city of Dallas, June 14, 1926." Appellants in part alleged that on or about the 29th day of March, 1926, John Phelps and several others, alleging themselves to be the owners of a majority of the acreage contained within the boundaries of the proposed levee improvement district, filed a petition in the commissioners' court of the county of Dallas for the creation of a levee improvement district under chapter 21 of the General Laws of the state of Texas of 1925, passed by the Thirty-Ninth Legislature at its regular session, for the reclamation of lands in said proposed district from the waters of the Trinity river; that hearing on said petition was set for April 6, 1926, at which time a hearing thereon began before said court and was before the court undetermined.

Under the view we take of this case, it is not necessary to refer to any one of the many allegations relied upon as grounds for the relief sought, as they can find no place in the discussion of the questions on which this appeal will be determined, for the disposition of same will not involve in any respect the merits of the grounds alleged for the relief sought, but only that of jurisdiction of the commissioners' court, the district court, and of this court, over the subject-matter of the controversy Bearing upon the question of jurisdiction, appellants alleged that the act of the Legislature under which said levee district was sought to be created was unconstitutional, that all proceedings had thereunder were void and of no effect, and that the commissioners' court was without jurisdiction because of the unconstitutionality of said law for the following reasons: (a) That the law was unconstitutional under the state and federal Constitutions, in that it denied equal protection of the law to appellants; that said levee law provided that, in the event the district was not created and the petition to create the district was dismissed, any signer of the petition or taxpayer in the district could appeal to the district court for trial de novo; that said act made no provision for appeal in the event the district was created and impliedly denied appellants, who contested the creation of the district, the right of appeal. (b) Because the act made no provision for including the lands outside the proposed boundaries which might be found to be benefited or affected in kind with the property described in the petition to create the district; that much acreage which is not included within the boundaries of the proposed district will in fact be benefited in kind with the property included within the boundaries of the proposed district, and yet the commissioners' court is powerless under the law to include said lands in the district; that the district, if created, would necessarily result in inequality of taxation, because it would place a tax burden on the lands of appellants for the benefit of lands outside the district not taxed. As a further ground to be noticed not involving the constitutionality of the act, appellants made the following allegation:

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

That the creation of the district would greatly and seriously damage them, would destroy the borrowing power of their land situated within the proposed district, and would place a cloud upon the title to said land situated within the proposed district; that the appellees would create the said district unless enjoined from so doing, to the irreparable damage of appellants, and that the creation of the levee district in the face of the objections urged by appellants would be so arbitrary and unreasonable that it would be illegal, null, and void; that appellants had no adequate remedy at law; that they had appeared before the commissioners' court and had urged the objections set out, in their petition for injunction, and that the commissioners' court had heard said objections, overruled them, and was proceeding with the hearing to create the levee improvement district. On the presentation of appellants' petition, the district judge issued a temporary writ of injunction, restraining appellees from creating the district until further order of the district court and set the matter down to be heard on the 14th day of June, 1926.

Appellees filed a plea to the jurisdiction of the court, wherein they alleged that the creation or refusal to create the proposed district was a legislative power delegated to appellees by the state Legislature, and that such power was delegated exclusively to appellees, and that they had exclusive jurisdiction of such question; that appellants had their remedy at law as provided in the act of the Legislature authorizing the creation of said district, and further by plea in abatement alleged that the suit was prematurely brought, because appellees had not entered their final order creating the district or refusing to create it. Appellees' plea in abatement was duly sworn to.

Appellants duly excepted to said plea in abatement because same did not deny the material allegations in appellants' petition and did not in any particular deny the allegation that appellees would create the levee improvement district. Appellants' exceptions to the plea in abatement were heard and overruled on June 16, 1926, and at the same time, without the introduction of testimony, appellees' plea in abatement was heard and sustained, whereupon an order was entered sustaining the pleas in abatement and to the jurisdiction of the court, dissolving the temporary injunction and dismissing the cause. By appropriate appeal such judgment is before us for review.

Article 7974, Revised Civil Statutes of 1925, relating to levee improvement districts, provides in part:

"When it is proposed to create a levee district wholly within one county, there shall be presented to the commissioners' court of the county in which the lands to be included in such district are located, * * * a petition signed by the owners of a majority of the acreage of such proposed district, * * * and upon presentation of * * * such petition, it shall be the duty of the court to which it is presented, * * * to fix a time and place at which such petition shall be heard before the commissioners' court of the county wherein it is filed, * * *."

Article 7978, Id., provides that:

"At the time and place set for the hearing of the petition, * * * the court shall proceed to hear such petition and all issues in respect to the creation of such proposed district, and any person interested may appear before the court in person or by attorney and contend for or contest for the creation of such district, and offer testimony pertinent to any issue presented. Such court shall have exclusive jurisdiction to determine all issues in respect to the creation, or not, of such district, and of all subsequent proceedings in respect to said district if the same should be created."

Article 7979, Id., states the requirements for the rendition of judgment establishing the district and the character of same, and provides for the right of appeal therefrom by certain parties therein named.

[1] Under the above provisions of the law, the commissioners' court was clothed with exclusive authority and jurisdiction to hear and determine the petition proposing the creation of the levee improvement district, and its jurisdiction for that purpose having attached should be retained until that court had heard and determined all issues in respect to whether or not such district should be created, which of necessity would include not only its findings necessary to reach a conclusion on the hearing, but also the formulation and entry of its judgment, as provided in said article 7979, supra. The petition for the creation of the levee improvement district was in the course of being heard by the commissioners' court when the petition for writ of injunction to stay further proceedings before that court, necessary for hearing and determining the petition for the construction of said levee improvement district, was presented to and acted upon by the judge of the district court; the main ground for invoking the equitable power of the district court to stay such proceedings being that appellees would create said levee improvement district unless enjoined from so doing. This was not invoking the appellate jurisdiction of the district court, or the exercise of its supervisory power over the commissioners' court through its general equitable powers to enjoin the members thereof on allegations showing that they were acting fraudulently or in bad faith and not in the interests of the public at large, but was based solely upon a presumption that the commissioners' court would render a judgment adverse to appellants based upon an alleged illegal proceeding or incorrect measure. This would be but to destroy the right of the members of the commissioners'

court to function as such, and would be permitting the exercise of the jurisdiction of that court, not only to be interfered with, but entirely denied by transferring its entire discretion, with which the law clothed its members, to the judge of another court without original jurisdiction to hear and determine the cause.

[2] The district court, by reason of the fact that the petition for the creation of the levee improvement district was pending before the commissioners' court undetermined, was without authority to exercise jurisdiction over the matter; for, until the jurisdiction of the commissioners' court had been exercised—that is, exhausted by the rendition of judgment—neither appellate jurisdiction nor equitable supervisory control over that court existed with the district court to interfere with the discharge of the exclusive original jurisdiction conferred upon the commissioners' court by law to hear and determine the petition for the creation of the levee improvement district. Bird v. Alexander (Tex. Civ. App.) 288 S. W. 606. This is but recognizing and applying the general rule of law that, when a court of law has jurisdiction of the parties and the subject-matter and is exercising its jurisdiction agreeably to the provisions of the law conferring same, equity will not interfere to control its proceedings on account of the mere errors of law or judgment, where the trial court can properly control the issues, and this even where no appeal lies from the decision of the inferior court. G., H. & S. A. Ry. Co. v. Dowe, 70 Tex. 1, 6 S. W. 790; Steger & Sons Piano Mfg. Co. v. MacMaster, 51 Tex. Civ. App. 527, 113 S. W. 337.

[3, 4] Appellants by their petition for injunctive relief against appellees did not seek the aid of the district court to review any action of the commissioners' court, or to exercise its supervisory power over any proceeding had in that court, but sought to enjoin the members of that court from proceeding with the hearing of the petition for the creation of the levee district on the presumption that the commissioners' court would act in an illegal manner, or render an incorrect judgment against appellants. This was but complaining of an act which had not yet been done; therefore the suit was prematurely brought. It was but an effort to have the district court prevent the commissioners' court from exercising the jurisdiction conferred upon it by article 7978, supra; therefore the district court did not err in rendering the judgment appealed from, as said court did not have jurisdiction to grant the relief sought. It follows as a natural sequence that, as the district court did not have jurisdiction, this court is without jurisdiction to hear and determine appellants' appeal. Bird v. Alexander, supra.

[5, 6] One of the issues raised before the commissioners' court by appellants in the course of the hearing for the creation of the levee improvement district was the alleged unconstitutionality of the law under which said petition was authorized to be presented to, heard and determined by, said court. This is but one of the issues in respect to the creation of the proposed district, and, being within the jurisdiction of the commissioners' court to hear and determine, it was not for the district court nor for this court, in disposing of this appeal, to assume that the commissioners' court would act illegally or fraudulently in determining the issue as to the constitutionality of said statute, but to the contrary it should be assumed that its determination thereof would be actuated by and in conformity with the constitutional provisions determinative of the validity of that law and the constitutional rights of appellants as safeguarded to them by both the state and the federal Constitution. Therefore, as to the issue of constitutionality of the law under which the application for the creation of the levee improvement district was made, we think it sufficient to say the fact that, if the commissioners' court should, in the exercise of the jurisdiction conferred on it, proceed to render judgment adversely to appellants, and if in the rendition of such judgment that court should do anything illegal or fundamentally violative of the rights of appellants, or the law under which and by which such judgment should be rendered should be unconstitutional, appellants would not be without relief, but could then bring their action setting up the fact, if such be the fact, that the statute under which the commissioners' court acted was unconstitutional, or that that court abused its discretion so that it acted in an illegal or incorrect manner to the detriment of the rights of appellants.

We therefore hold that the district court did not err in rendering the judgment appealed from, as that court did not have jurisdiction to grant the relief sought.

It is therefore ordered that the judgment of the district court be, and the same is hereby, affirmed.

Affirmed.

LOONEY, J., disqualified and not sitting.