JOHNSON et al. v. TOWN OF REFUGIO et al.

No. 8934.

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1932.

Rehearing Denied Feb. 8, 1933.

J. Turner Vance, of Refugio, for appellants.

Terrell, Davis, Hall & Clemens, of San Antonio, for appellees.

SMITH, J.

Appellee has moved to dismiss the appeal on the two grounds that appellants had not filed their brief in this court within the time prescribed in article 2283, R. S. 1925, or in the trial court and this court as provided in rules 36 and 38 for the government of this court. That statute and those rules were superseded by the amendment of April 21, 1931, to article 1848 (Acts 1931, 42d Leg., p. 98, ch. 64, § 1 [Vernon's Ann. Civ. St. art. 1848]). Moreover, neither party is required to file briefs at any time in appeals from orders denying temporary injunctions, such as in this case, although they should do so, in the faithful prosecution of their appeals, wherever practicable.

The appeal is from an order denying a temporary injunction to restrain the officials of the incorporated town of Refugio from proceeding to carry out the mandate of the requisite majority of the qualified voters of the town for the issuance and sale of municipal bonds in the sum of $160,000 for the construction and improvement of streets, bridges, and roads in the town.

It is provided in article 709, R. S. 1925, as follows:

"Before any bonds shall be offered for sale, the county judge or the mayor, as the case may be, shall forward the bonds to the Attorney General, together with a certified copy of the order or ordinance levying the tax to pay the interest and provide a sinking fund, and a statement of the total bonded indebtedness of the county, city or town, including the series of bonds proposed, together with the amount of the assessed value of the property of the county, city or town for purposes of taxation as shown by the last official assessment of such county, city or town. Such county judge or mayor shall also fur-

nish the Attorney General with any additional information he may require."

This action was brought by appellants to restrain the town officials from submitting the transcript and bond to the Attorney General as provided in said statute, or to do anything towards carrying out the mandate of the voters. As a basis for this relief appellants alleged that the proceedings for the issuance of the bonds were invalid, and set out the objections thereto in detail.

The trial judge sustained a plea in abatement and general demurrer urged below, and dismissed the bill, from which the plaintiffs below have appealed.

We are of the opinion that the trial court correctly disposed of the case. It appears from appellant's own pleadings that the record of the proceedings had by the town officials has not been submitted to the Attorney General for his examination and approval or disapproval as provided in article 709. Such examination and approval is made requisite to the issuance of bonds of this character, and that primary method of determining their validity is made mandatory by the statute before the bonds may be offered for sale.

The courts of the state must assume that the Attorney General will faithfully perform the duty imposed upon him by the statute, that he will carefully and efficiently traverse such records, and discover and require the correction of errors therein which may invalidate the bonds, or else disapprove them. Until the issue has been submitted to him for his examination and report thereon, and it becomes apparent that he intends to approve them in contravention of the law, the courts will not interfere to prevent the Attorney General's action and opinion thereon. In our opinion this action was prematurely commenced, and was properly dismissed below. Smith v. Reaves, County Judge (Tex. Civ. App.) 208 S. W. 545; Bird v. Alexander (Tex. Civ. App.) 294 S. W. 305.

There seems to be another reason found in the authorities which support affirmance, and that is that courts of equity will not bother to restrain the issuance of void bonds, or bonds about to be issued without the semblance of authority. Polly v. Hopkins, 74 Tex. 145, 11 S. W. 1084; Temple Lbr. Co. v. Commissioners' Court (Tex. Civ. App.) 239 S. W. 668; Bolton v. City of San Antonio (Tex. Civ. App.) 21 S. W. 64, 65. Here it was alleged in the bill that the bonds, the issuance of which is sought to be restrained, would be void for numerous reasons, rendering them without the semblance of authority. Under the authorities cited those allegations deprived the bill of substantial merit.

The judgment is affirmed.