Long & Wortham and Hutchison & Fisher, all of Paris, for appellant.

McKinney & Berry, of Cooper, and Weatherby & Rogers, of Waco, for appellees.

HALL, Justice.

On February 11, 1935, appellant, W. C. Hazelwood, filed suit in the district court of Delta county, Tex., against the city of Cooper, its governing body, the Central Engineering & Supply Company, and A. D. Martin, appellees, seeking to enjoin the execution and performance of a contract between said city and the Central Engineering & Supply Company for the construction of a municipal electric light and power plant, and also to enjoin the execution of a proposed bond issue and proposed mortgage securing same. In said mortgage A. D. Martin was named as trustee.

**HAZELWOOD v. CITY OF COOPER et al.**

**No. 4984.**

Court of Civil Appeals of Texas. Texarkana.

Oct. 8, 1935.

Rehearing Denied Oct. 17, 1935.

Appellant alleged that the contract, bond, and bond-mortgage were illegal, and would be executed and performed unless restrained by the district court. He also alleged he was a taxpayer and a user of electric current, and, as such, would suffer damages for which he had no adequate remedy at law. Appellant sought a temporary injunction in the first instance and asked upon hearing the same be made permanent. Appellant alleged in detail the

acts of the city of Cooper and its governing body with reference to the proposed contract with the Central Engineering & Supply Company, and in his petition set out the steps taken by the city and its governing body under articles 1111 to 1118, Revised Statutes of Texas, as amended (Vernon's Ann. Civ. St. arts. 1111–1118), to construct and put into operation a municipal electric power plant in said city, setting up, among other things, the provisions of the article of the statutes, that the holder of said bonds should never have the right to demand payment of the obligation out of any fund raised, or to be raised, by taxation. This statement, his petition alleges, was contained in the notice of election submitting this proposition of issuance of bonds to the voters of the city of Cooper and was contained in the bonds. He alleged further that at said election a majority voted for the issuance of bonds. He charges various irregularities in the preliminary steps taken by the city with reference to entering into the contract with the Central Engineering & Supply Company, which will not be set out here.

The appellees answered by a general demurrer, plea in abatement, and numerous special exceptions. The trial court sustained the general demurrer and several special exceptions to appellant's petition, but overruled appellees' plea in abatement. Appellant refused to amend and his cause was dismissed.

From this action of the trial court, appellant prosecutes this appeal. Appellant brings forward several bills of exceptions, all complaining of the action of the trial court in sustaining appellees' general demurrer to the petition, and appellees bring forward certain cross-assignments, complaining of the action of the trial court in overruling and not sustaining their plea in abatement.

■ It appears from the application of appellees to dismiss this case that the power plant is now in operation, therefore this case becomes moot except as to the payment of the bonds out of the proceeds derived from the operation of said light plant.

■ It is apparent from a study of the petition of the appellant, as well as from his brief filed in this cause, that he bases his right to bring this cause of action on the fact "that he is a long-resident, property-owning taxpayer of the city of Cooper,

Delta county, Texas; that he is likewise a user of electric current for himself and family and in his business, in the conduct and operation of a hotel in the city of Cooper," as provided in section 9 of the Bond and Warrant Act of 1931 (Vernon's Ann. Civ. St. art. 2368a, § 9) as follows: "Any warrant bond, funding bond, refunding bond or other evidence of debt or obligation created, or attempted to be created, by the County Commissioners' Court of any county, or the governing body of any city in this State, in violation of or contrary to the provisions of this Act, shall be void, and the payment thereof may be enjoined by any taxpaying citizen of such county, or any taxpaying citizen of such city, in any court of competent jurisdiction in such county."

We are of the opinion that the article of the statute quoted above has no application to the case under investigation. Upon an examination of the above article and the preceding articles of the Bond and Warrant Act, it will be seen that it refers to obligations created or attempted to be created which will be paid for out of funds raised by taxation. In the case of Fisher et al. v. City of Bartlett et al. (Tex.Civ. App.) 76 S.W.(2d) 535, 538, this identical question is ably discussed by Judge McClendon, in which he says: "Any citizen of the city is as much interested by virtue of his citizenship as a taxpayer is by virtue of owning taxable property within the city; and there would appear to be no valid reason for withholding this right from the general citizen while according it to the taxpaying citizen, in case of securities which can under no circumstances affect the rights of the taxpayer as such. There is therefore a manifest reason for according the right of injunction to the taxpayer in the case of contracts, the performance of which may constitute a liability against the city and evidences of indebtedness thereby created, and withholding such right as regards securities which can never be a charge against the city."

■ As stated in the beginning, it appears from the petition of the appellant that the notice of election and the bonds voted by the people of the city of Cooper contained the statutory provision that they could never be a debt against the city, payable out of funds raised, or to be raised, by taxation; but the payment of said bonds would be made out of the proceeds derived from the operation of the

plant. Therefore, the injuries, if any, of which appellant complains are common to all the citizens of Cooper and not peculiar to him. By this action of the city of Cooper in contracting with the. Central Engineering & Supply Company for the construction of a municipal light plant and executing a mortgage thereon, the appellant, Hazelwood, has not been singled out and had special damages inflicted upon him.

In the case of City of San Antonio v. Strumberg, 70 Tex. 366, 7 S.W. 754, 755, Judge Gaines, speaking for the Supreme Court, says: "We think it a principle established by the overwhelming weight of authority in the courts of all countries subject to the common law that no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself. As applied to public nuisances the doctrine is elementary. 2 Cooley, Bl. 219. For a special damage resulting from the invasion of a right enjoyed by a party in common with the public, the law affords him a remedy by private action, but if the damages he suffers are only such as are common to all, the action must be brought by the lawfully constituted guardian or guardians of the public interest. The principle has been frequently applied in this court to another class of cases, and the right of an individual to sue without showing some special damage either supposed or threatened has been uniformly decided. * * * It has been intimated that the reason this rule was established was in order to prevent a multiplicity of suits which might result if each individual were permitted to sue for damage resulting from a public nuisance which was common to all others, but we apprehend that the underlying principle is that individuals have a right to sue for a redress of their own private injuries, but for such as affect all the public alike an individual is not the representative of the public interest."

Therefore, in our opinion, the appellant has shown no litigable interest in this suit, and the trial court properly sustained the general demurrer to his petition because same stated no cause of action which was peculiar to him and not to all other citizens in the city of Cooper. We think this case is governed in its entirety by the case of Fisher et al. v. City of Bartlett et al., supra, to which attention is directed.

We deem it unnecessary to discuss the cross-assignments brought forward by the appellees.

The judgment of the trial court is affirmed.