## HOFF v. WESTHOFF, Mayor, et al.
### No. 10539.

Court of Civil Appeals of Texas. Galveston.
Dec. 23, 1936.

Rehearing Denied Jan. 14, 1937.
As Corrected March 8, 1937.

Crain & Vandenberge, of Victoria, for appellant.

Stanley Kulawik, of Yorktown, and Llewellyn & Dougharty, of Liberty, for appellees.

PLEASANTS, Chief Justice.

This is an election contest instituted by appellant in the court below against William Westhoff, mayor of the city of Yorktown in De Witt county, the members of the city council, and the managing officers of an election held in said city on April 3, 1936. The election sought to be contested was held for the purpose of determining whether or not the city should issue revenue bonds in the sum of $65,000 for constructing and installing an electric lighting and power system for the city. Proper notice of the contest was duly issued and served upon appellees.

The contest was instituted by the appellant as a "qualified voter and property tax-paying citizen" of the city of Yorktown.

Appellees answered appellant's petition by a general demurrer, special exception, and special plea questioning the right of appellant to bring and maintain such contest.

As fully shown by the briefs of both appellant and appellees, the only interest in the result of the election, the subject matter of the suit alleged in appellant's pleadings, is that of "a qualified voter and property tax-paying citizen" of the City of Yorktown. The only proposition presented by appellees as ground for the affirmance of the judgment is the following: "The election in question being one held under the provisions of article 2368a, Revised Statutes of 1925 [Vernon's Ann.Civ.St. art. 2368a], to determine the question of whether or not the City of Yorktown should issue, under the provisions of articles 1111 to 1118, inclusive [as amended, Vernon's Ann.Civ.St. art. 1111 et seq.], revenue bonds for the purpose of constructing an electric lighting and power system, and appellant having by his petition pleaded no facts showing an interest in the results of said election peculiar to him or in anywise different from the interest of the public at large within said municipality, no justiciable interest in the subject matter is shown, either in him in his own right or in a representative capacity, and hence said petition did not state a cause of action and the general demurrer urged by appellees was properly sustained."

In the case of City of San Antonio v. Strumberg, 70 Tex. 366, 7 S.W. 754, 755, our Supreme Court, speaking through Judge Gaines, says: "We think it a principle established by the overwhelming weight of authority in the courts of all countries subject to the common law that no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself."

Since this rule of decision was announced by Judge Gaines, it has been uniformly followed and approved by our Supreme and appellate courts. In the recent case of Fisher v. City of Bartlett, 76 S.W. (2d) 535, 537, the Austin Court of Civil

Appeals, in an opinion by its great Chief Justice, applies the rule announced in the Strumberg Case, supra, in a suit for injunction brought by appellant Fisher to restrain the city of Bartlett from carrying out a contract, and issuing bonds thereunder, for constructing for the city an electric light plant under the provisions of article 1111 et seq., Revised Statutes of 1925. In the Fisher Case the city had advertised for bids under the Bond and Warrant Law of 1931 and attempted to comply with the provisions of the statute with reference to notice, competitive bids, and a referendum. The provisions of the statute under which appellant claimed the right to sue are as follows: "Any warrant bond, funding bond, refunding bond or other evidence of debt or obligation created, or attempted to be created, by the County Commissioners' Court of any county, or the governing body of any city in this State, in violation of or contrary to the provisions of this Act, shall be void, and the payment thereof may be enjoined by any taxpaying citizen of such county, or any taxpaying citizen of such city, in any court of competent jurisdiction in such county." Vernon's Ann.Civ.St. art. 2368a, § 9.

As will be observed, appellant in that case made the same contention as does appellant in the case at bar, viz., that section 9 affords to any taxpaying citizen the remedy of injunction to restrain payment of revenue bonds issued under the provisions of article 1111 et seq., in any case wherein there has not been a compliance with the provisions of the Bond and Warrant Law of 1931. In overruling such contention, the court, speaking through Chief Justice McClendon, after quoting the rule announced in the Strumberg Case above stated, quoted further from said case: "For a special damage resulting from the invasion of a right enjoyed by a party in common with the public, the law affords him a remedy by private action, but if the damages he suffers are only such as are common to all, the action must be brought by the lawfully constituted guardian or guardians of the public interest. The principle has been frequently applied in this court to another class of cases, and the right of an individual to sue without showing some special damage either suffered or threatened has been uniformly denied."

· The rule announced by Chief Justice McClendon is, we think, supported by the following authorities: City of Goose Creek et al. v. Hunnicutt, 118 Tex. 326, 15 S.W. (2d) 227, and cases there cited; City of Dayton v. Allred, 123 Tex. 60, 68 S.W.(2d) 172.

It follows from the conclusions above expressed that the judgment should be affirmed, and it has been so ordered.

Affirmed.