## CLARK

### v.

## CITY OF SAN ANGELO et al.

### No. 10250.

Court of Civil Appeals of Texas.

Austin.

June 2, 1954.

Wm. E. Davenport, San Angelo, for appellant.

H. D. Howard, San Angelo, for City of San Angelo.

Upton, Upton, Baker & Griffis, San Angelo, for San Angelo Nat. Bank.

ARCHER, Chief Justice.

This suit was instituted by appellant against the appellees, City of San Angelo and San Angelo National Bank, alleging that appellant was a taxpayer in the city, that the appellees are threatening to misappropriate tax funds in the city depository, and that the depository bank will carry city funds in violation of the law, and sought an injunction against appellees to prevent a mingling of city funds in one account, and also sought an injunction to enjoin the sale of waterworks revenue bonds in the amount of $1,500,000 because of an alleged illegality of issuance and on threat to mingle the receipts from the sale of the bonds with the general fund.

The temporary injunction was refused by the court after a hearing. Subsequently the city filed its Motion for Summary Judgment, on the merits, and after a hearing judgment was rendered for appellees, and it is from this order alone that appeal was taken.

The appeal is founded on one point, to-wit:

"The trial Court had the equitable right where City funds were being commingled, and were threatened to be commingled with principal of bond money, interest and sinking fund of bond money, and proceeds of a bond

sale, and it was his duty to restrain the sale of the bonds, and to order the City to cease and desist from handling City funds illegally."

The appellees say the court was justified in granting the Summary Judgment, because there was and is no genuine issue as to any material fact raised by the pleadings and as a matter of law appellant did not have, or has, such justiciable or litigable interest to question the validity of the revenue bonds.

It appears from the evidence that as of January 5, 1954, and prior to February 9, 1954, the date of the filing of the suit, that there is no mingling of the several funds. The cashier of the city depository, San Angelo National Bank, testified that the city was carrying eleven accounts, i. e (1) general fund, (2) payroll fund account, (3) insurance fund account, (4) general interest and sinking fund, (5) petty cash account, (6) water department petty cash account, (7) airport bond fund account, (8) general obligation bond account, (9) park bond account, (10) water department bond account, and (11) water interest and sinking bond account.

The witness, from bank records, gave the balances in each of the accounts.

Testimony was had from the City Auditor concerning an ordinance authorizing the sale of bonds including the sale of the $1,500,000 bonds, known as Waterworks Revenue Bonds to be payable from revenue from the city waterworks. The City Manager testified that none of the city's accounts were overdrawn.

The trial court had before it the pleadings of the parties and the testimony on the hearing for temporary injunction as well as the Motion for Summary Judgment.

■ It is apparent that from the uncontroverted testimony of all of the witnesses that there was no mingling of city funds into one bank account since January 5, 1954, and there is no threatened future mingling of funds.

The issue in the suit was the mingling of funds and this allegation was proven to be untrue by testimony adduced by appellant, and consequently there was no genuine issue as to any material fact.

Rule 166A, T.R.C.P., provides for summary judgments and for conditions that must exist.

The injunction could not have been issued on the basis of prior acts, when said acts have been discontinued, and no threat or reasonable probability indicated that they will be resumed. Davis v. Upshur County, Tex.Civ.App., 191 S.W.2d 524; Rowan v. Pickett, Tex.Civ.App., 237 S.W.2d 734.

■ Appellant, as a taxpaying citizen of the city, who is a user of water, does not have such justiciable or litigable interest to attack the validity of a bond issue that is payable solely out of revenues of a water supply system of a municipality that can never be paid out of tax funds. Sullivan v. Universal Electric Construction Co. of Alabama, Tex.Civ.App., 227 S.W.2d 387, error ref., n.r.e.

There is no question but what the bonds are revenue bonds, so alleged by appellant, and are not payable out of any fund to be raised out of taxation.

The judgment of the trial court is affirmed.

Affirmed.