R. E. ESTES, Appellant,

v.

CITY OF GRANBURY, Appellee.

No. 15931.

Court of Civil Appeals of Texas.

Fort Worth.

May 9, 1958.

Rehearing Denied June 13, 1958.

R. E. Estes, Granbury, for appellant.

Joseph A. Chandler, Stephenville, Dumas, Huguenin & Boothman, and A. B. Huguenin, Dallas, for appellee.

PER CURIAM.

R. E. Estes filed this suit against the City of Granbury seeking to enjoin the City from selling and disposing of certain utility bonds in the sum of $400,000, for the payment of which it is proposed to pledge the combined receipts from the City's electric, sewer and water systems. The court sustained the City's plea in abatement and dismissed the suit.

Appellant alleges that he is a resident citizen of the City of Granbury; that the City Council passed an ordinance and notice of election for the issuance of bonds, said election to be held on September 21, 1957, at which three propositions would be submitted to the qualified voters, namely, (1) whether the City be authorized to issue $160,000 of revenue bonds for the purpose of constructing improvements and extensions to its water works system; (2) whether it be authorized to issue $130,000 of revenue bonds for the purpose of constructing improvements and extensions to its sewer system; and (3) whether it be authorized to issue $110,000 of revenue bonds for the purpose of constructing improvements and extensions to its electric light system; and that the election is null and void and the bonds attempted to be issued are null and void, because the election notice and order, as well as the three propositions voted on, specified that the entire revenues of the water works system, the electric light system, and the sewer system shall be used to pay off and discharge said bonds, when, under the law, the receipts from each separate utility can be expended only for that particular item. There were other allegations about the invalidity of the election and the bonds, which we think it unnecessary to set out in view of our disposition of the appeal.

Appellee filed a plea in abatement, setting up, among other things, that appellant's petition fails to allege that he will or can suffer any injury peculiar to himself individually, and that therefore he has no justiciable or litigable interest in the controversy and no right to maintain the suit. The plea in abatement was sustained.

The bonds were voted under the provisions of Article 1111 et seq., Vernon's Ann. Texas St., wherein it is provided that "No such obligation of any such systems shall ever be a debt of such city or town, but solely a charge upon the properties of the system so encumbered, and shall never be reckoned in determining the power of any such city or town to issue any bonds for any purpose authorized by law"; and (Article 1114) "Every contract, bond, note or other evidence of indebtedness issued or included

under this law shall contain this clause: 'The holder hereof shall never have the right to demand payment of this obligation out of any funds raised or to be raised by taxation.' "

We think it is established by the decisions that a taxpaying citizen cannot maintain such a suit as this without alleging an injury peculiar to himself. West Texas Utilities Co. v. Smith, Tex.Civ.App., 168 S.W.2d 665, writ refused; Fisher v. City of Bartlett, Tex.Civ.App., 76 S.W.2d 535; City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754; Yett v. Cook, 115 Tex. 205, 281 S.W. 837; Womack v. City of West University Place, Tex.Civ.App., 32 S.W.2d 930; Tyrrell & Garth Inv. Co. v. City of Highlands, Tex.Civ.App., 44 S.W.2d 1059; Johnson v. Town of Refugio, Tex. Civ.App., 56 S.W.2d 674; Powell v. City of Baird, Tex.Civ.App., 132 S.W.2d 464; Sullivan v. Universal Electric Const. Co. of Alabama, Tex.Civ.App., 227 S.W.2d 387; Hazelwood v. City of Cooper, Tex.Civ.App., 87 S.W.2d 776, writ refused.

The judgment is affirmed.