Mrs. E. C. SLEDGE et al., Appellants,

v.

HUMBLE OIL & REFINING CO. et al., Appellees.

No. 6372.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 20, 1960.

James M. Crane, Conroe, for appellants.

John K. Meyer, Houston, for appellees.

ANDERSON, Chief Justice.

This is a suit with reference to Washington County Rail Road Company Survey No. 13 in Montgomery County, Texas. The survey, which consists of approximately 650 acres of land, was originally surveyed for the company in 1861 and was patented in 1877. The field notes show the survey to have been based on what the parties have characterized as an "omnibus" certificate, a certificate which the commissioner of the General Land Office issued August 15, 1860, and which authorized the company to survey 720 sections of land. The patent, No. 191, Vol. 1, recites that it, too, was based on that certificate. The certificate recites that it, itself, was issued in accordance with an Act that was approved January 30, 1854, "An Act to encourage the construction of Railroads in Texas by donations of lands." 3 Gammel's Laws of Texas (1455).

William M. Sledge came on the scene as a secured creditor of the company at some undisclosed date prior to 1867. His mortgage appears to have covered all of the company's assets. During the years 1867 through 1869 there were transactions by which Sledge and the company transferred the operating assets of the company to Houston & Texas Central Railway, and by which there was an agreed foreclosure, at least in part, of Sledge's mortgage. Through these transactions title to certain of the company's property, including certain land certificates which had been neither satisfied nor located, vested in Sledge. Title to most of the property so acquired by him would seem to have been divested out of him by the agreed judgment, but he reserved title to twenty-five unidentified land certificates which we assume were in his possession. The certificates were each for 640 acres of land.

Mr. Sledge died intestate in 1881, leaving a son, William M. Sledge, Jr., as his only heir. Washington County Rail Road Company had deeded Survey No. 13, the land in suit, to G. R. Healy under date of March 7, 1862. Nevertheless, William M. Sledge, Jr., purported to convey the same land to Elliott W. Eaves on December 23, 1907. He described the land by both its survey number and its patent number. Eaves and his grantees were all sued by Mrs. M. L. G. Stone, et al., who in 1924 recovered judgment for the land. Humble Oil & Refining Company acquired mineral leases covering most of the survey from many people, including Mrs. M. L. G. Stone et al. and the heirs of George R. Healy. Oil was discovered on the land and Humble and others have continually produced such oil since the early 1930's.

The plaintiffs in this suit are the children and heirs of William M. Sledge, Jr., and their grantees. They are possessed of a land scrip certificate which the Land Commissioner issued to Washington County Rail Road Company under date of January 16, 1867. It is numbered 28/111, is for 640 acres of land, and shows to have been issued under the same Act, as amended, as the one under which the omnibus certificate issued. The certificate cannot be identified as one of the twenty-five certificates William M. Sledge reserved, but the plaintiffs nevertheless claim to have derived title to it from that source. In 1955 the plaintiffs attempted to locate the certificate on the land that was patented in 1877 as Survey No. 13. They had the land resurveyed, filed their field notes and the certificate as the law directs, and requested the Commissioner of the General Land Office to ignore the old patent and issue them a new one. The Commissioner refused. The plaintiffs then sued him, and the principal lessee (Humble), and a select few of those who claim to own the land, representing that the patent of 1877 was without legal basis and void ab initio. They prayed that the old patent be declared void and that they be granted a patent on the land. In the alternative they prayed that the lands be adjudged to be surveyed public lands recovered from a railroad company and owned by the public school fund. The State is not a party to the suit in any capacity.

Defendant Humble, joined by defendant Morris Cloninger, filed a motion for summary judgment on seventeen separate grounds. They advanced nine reasons for claiming that the plaintiffs have no standing to question the validity of the patent, two for claiming that the certificate cannot be legally located on any land, and pleaded limitation, laches, and public policy in bar of any relief. The plaintiffs' answer to the motion consisted of an allegation that the evidence would present fact issues, and a reiteration, more or less, of matters they had already pleaded. The trial court granted the motion for summary judgment, without designating the grounds on which it did so. A judgment was entered that the plaintiffs take nothing as to the moving defendants, who are appellees here, and dismissing the suit as to all other defendants. The plaintiffs appealed.

■ Appellants have brought forward only one point of error, as follows: "The

trial court erred in granting said appellees' motion for summary judgment for the reason that there does exist genuine issues of fact to be tried, and appellants are entitled to a trial of this cause on its merits." And we believe it to be without merit.

Counsel for appellants have apparently mistaken law questions for fact questions. The summary judgment rests altogether on written instruments, the genuineness of which is not questioned, and none of which is claimed to be ambiguous. The only questions involved, therefore, are the law questions as to the effect of the instruments, and these have not been briefed for appellants.

We do not consider additional discussion of the point or case necessary, but shall nevertheless comment briefly on selected questions which were presented by appellees' motion and with reference to which it is clear that no dispute as to the facts could arise.

■ The patent in question was issued by competent authority, is regular on its face, and is of a kind that was authorized by law. It is such a patent, therefore, as only the state or the holder of an interest in the patented land, vested prior to issuance of the patent, may attack. Todd v. Fisher, 26 Tex. 239; Dunn v. Wing, 103 Tex. 393, 128 S.W. 108; Fitzgerald v. Robison, 110 Tex. 468, 220 S.W. 768. An unlocated land certificate vests in its holder no justiciable interest in any specific land. State v. Delesdenier, 7 Tex. 76; Kimmel v. Wheeler, 22 Tex. 77; Cox v. Bray, 28 Tex. 247. Appellants pleaded that the certificate on which they rely, No. 28/111, had not been located on any land prior to September 15, 1955. They are also committed by their pleadings to the proposition that they assert only such right or interest in the land in question as has vested under or by virtue of the certificate. Clearly, therefore, they are without standing to question the validity of the patent.

■ Another reason why the judgment of the trial court is correct is that the land scrip on which appellants rely was barred in 1881 by the Constitution of 1876 (Art. 14, sec. 2), Vernon's Ann.St., which provided: "All unsatisfied genuine land certificates now in existence shall be surveyed and returned to the General Land Office within five years after the adoption of this Constitution, or be forever barred." Having been issued in 1867, the certificate on which appellants rely was within the scope of such provision. All rights under it were forfeited by failure to locate it and return it to the General Land Office within five years from April 18, 1876. See: Von Rosenberg v. Cuellar, 80 Tex. 249, 16 S.W. 58, 61; New York & T. Land Co. v. Thomson, 83 Tex. 169, 17 S.W. 920; Eyl v. State, 37 Tex.Civ.App. 297, 84 S.W. 607.

■ An additional reason why the judgment of the trial court is correct is that, even if the certificate had been still valid when appellants undertook to locate it in 1955, it could not have been located on the land in question. Under Article 14, Sec. 2, of the Constitution it could only have been located on "vacant and unappropriated public domain and not upon any land titled or equitably owned under color of title from the sovereignty of the State, evidence of the appropriation of which is on the county records or in the General Land Office; or when the appropriation is evidenced by the occupation of the owner, or of some person holding for him." The land on which appellants sought to locate the certificate was at least "titled." Winsor v. O'Connor, 69 Tex. 571, 8 S.W. 519. It was also in the actual possession of those who were claiming under the patent.

Other of the grounds presented in appellees' motion for summary judgment were likely also good, but we do not find it necessary to rule upon them.

The judgment of the trial court is affirmed.