**HOUSTON NATURAL GAS CORPORATION et al., Appellants,**

v.

**Oscar WYATT, Jr., Appellee.**

**No. 3714.**

Court of Civil Appeals of Texas.

Eastland.

June 1, 1962.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Keys, Russell, Keys & Watson, I. M. Singer, City Atty., Corpus Christi, for appellants.

Lewright, Dyer & Redford, William H. Darden, Corpus Christi, Hofheinz, Sears, James & Burns, Houston, for appellee.

GRISSOM, Chief Justice.

Oscar Wyatt, Jr., as a taxpayer of the City of Corpus Christi, sued Houston Natural Gas Corporation, the City of Corpus Christi and its officials to restrain them from executing a contract which was alleged to be void because not submitted to competitive bids. The contract provided for gas to be sold to the city by Houston Natural Gas Corporation and to be paid for only out of funds derived from the resale of the gas by the city. The defendants, by pleas in abatement and otherwise, challenged the authority of Wyatt to maintain the suit. The challenges were overruled. Defendants were enjoined and have appealed.

Appellants' first contention is that Wyatt, as a city taxpayer, did not have authority to maintain the suit. The appellee relies upon Section 2, Article 2368a, Vernon's Ann.Rev.Civ.St.Texas and Section 18, Article IX, of the city charter of Corpus Christi for authority to maintain the suit as a taxpayer. Article 2368a, Section 2, provides that no city shall enter into such a contract without submitting the proposed contract to competitive bids. The last paragraph provides that any such contract made without competitive bids shall be void and "performance of same and * * * payment of any money thereunder may be enjoined by any * * * taxpaying citizen of such * * * city." Section 18, Article IX, of the city charter provides that "Any citizen who is a property taxpayer of the City of Corpus Christi may maintain an action * * * to restrain the execution of any illegal * * contract * * *." Wyatt contends that said statute and charter provision authorize him to sue as a taxpayer, regardless of the fact that the consideration is payable only out of gas revenues. Appellants say that said statute and charter provision do not authorize a taxpayer to bring such a suit unless he has suffered or will suffer some damage peculiar to himself or the consideration for the contract is to be paid from tax funds. Mr. Wyatt contends that when he alleged that he brought the suit as a property taxpayer of the city he brought himself within the provisions of said statute and charter provision and that he was not required to allege or prove that the consideration for the contract was to be paid from tax funds or that he would suffer damage peculiar to himself. He says this conclusion is required by City of Corpus Christi v. Mireur (Writ Ref.), Tex.Civ. App., 214 S.W. 528. The court did say that the award of a depository contract to the lowest bidder was in the face of the rights of the taxpayers of the city, "who are directly interested in receiving the highest rate of interest obtainable for money on deposit by the city", and that the plaintiff taxpayers had such an interest as could be enforced by them. It further said that "the question upon which the right of the individual taxpayer to sue to prevent the making of an illegal contract would usually turn is whether or not the execution of the contract will financially affect the taxpayer." Appellee says that neither the decision in the City of Corpus Christi v. Flato, Tex.Civ.App., 83 S.W.2d 433 (Writ Dis.) nor Hayward v. City of Corpus Christi, Tex.Civ.App., 195 S.W.2d 995 (Ref. N.R.E.), militate against his conclusion that said charter provision gave him the right to sue as a taxpayer, despite the fact that the contract is payable only out of utility funds. In the Flato case a property taxpayer of Corpus Christi brought suit

for himself, as a taxpayer, and for the city. Much of the decision is relative to a determination that a taxpayer sues for himself, not for the city. In other words, where a taxpayer is authorized to sue he sues to prevent damage to himself and not for the city. Flato, not only sued for the city, he also brought the suit for himself, as a taxpayer, to restrain payment of bonds alleged to be void. The trial court dismissed his case. Harris, both as an individual taxpayer and as relator for the city appealed. The judgment dismissing his case was affirmed by the Court of Civil Appeals and the Supreme Court dismissed his application for writ of error. If said charter authorized him to sue as a taxpayer without showing that the contract was payable out of tax funds or that he would suffer damage peculiar to himself, his suit should not have been dismissed.

In City of Goose Creek v. Hunnicutt, 118 Tex. 326, 15 S.W.2d 227, a resident of a city, who had only such interest in the result of an election as was had by all residents and the public at large, sued the mayor and others to contest an election. A statute provided that any resident of the city might contest the validity of such an election. The Commission, in an opinion adopted by the Supreme Court, said that Hunnicutt had no interest distinct from that of the general public in the result of the election; that, regardless of said statutory grant of authority to any residents to bring such a suit, "because of constitutional restrictions, it [could not] have [the] effect to authorize a suit by a private citizen in respect of matters which concern the public exclusively."

In City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754, 755, our Supreme Court, in 1888, said:

"We think it a principle established by the overwhelming weight of authority in the courts of all countries subject to the common law that no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself."

See also Altgelt v. City of San Antonio, 81 Tex. 436, 17 S.W. 75, 13 L.R.A. 383 and Polly v. Hopkins, 74 Tex. 145, 11 S.W. 1084, 1085.

In West Texas Utilities Co. v. Smith, Tex.Civ.App., 168 S.W.2d 665, (Writ Ref.), it was held that a city taxpayer did not have such an interest in the city's contract as would authorize him to maintain a suit to enjoin its execution when the consideration was payable only from utility revenues.

In Estes v. City of Granbury, Tex.Civ. App., 314 S.W.2d 154 (Writ Ref.), it was held that a city taxpayer could not maintain a suit to enjoin issuance of utility bonds by the city without alleging an injury peculiar to himself.

In Hoff v. Westhoff, Tex.Civ.App., 102 S.W.2d 293, the suit was by a voter and taxpayer of a city to contest an election to determine whether the city should issue revenue bonds for an electric system. He alleged the bonds were void for lack of competitive bids. The taxpayer relied upon the provision in Article 2368a that payment of bonds illegally issued might be enjoined by any taxpaying citizen of the city. The court held that a property taxpaying citizen, who showed no damage peculiar to himself, could not maintain such a suit, notwithstanding the fact that said statute purported to give any taxpaying citizen the right to enjoin payment of such bonds. The Supreme Court refused a writ of error.

In Hazelwood v. City of Cooper, Tex. Civ.App., 87 S.W.2d 776 (Writ Ref.), it was held that a statute authorizing a taxpaying citizen to enjoin payment of obligations created by a city in violation of the Bond and Warrant Act referred only to obligations payable from tax funds. See also Fisher v. City of Bartlett, Tex.Civ. App., 76 S.W.2d 535 (Writ Dis.), 88 S.W. 2d 1068 (Writ Dis.); Powell v. City of Baird, Tex.Civ.App., 132 S.W.2d 464;

**260**

Wood v. City of Victoria, 18 Tex.Civ.App. 573, 46 S.W. 284, 287 (Writ Ref.), and Womack v. City of West University Place, Tex.Civ.App., 32 S.W.2d 930.

It is evident that it has been held, in effect, with the approval of our Supreme Court that appellee does not have authority to sue as a taxpayer by virtue of Article 2368a, Section 2. We think the effect of the decision in City of Corpus Christi v. Flato, Tex.Civ.App., 83 S.W.2d 433, is that he was given no right to sue as a taxpayer by the city charter. The same reasoning that compelled an adverse holding as to Article 2368a requires a like decision relative to a grant of authority by said charter provision. We conclude that Wyatt, as a taxpaying citizen of Corpus Christi, cannot maintain this suit to enjoin execution of the contract in question, which is payable only out of gas revenues.

The judgment is reversed and the suit is dismissed.