**Wallace W. FRANKS et al., Appellants,**

**v.**

**Louie WELCH et al., Appellees.**

**No. 14569.**

Court of Civil Appeals of Texas.

Houston.

March 25, 1965.

Rehearing Denied April 15, 1965.

Lloyd M. Lunsford, South Houston, and J. Charles Whitfield, Jr., Houston, for appellants.

Clark, Thomas, Harris, Denius & Winters, Martin Harris, Austin, and McCall, Parkhurst & Horton, Millard Parkhurst, Dallas, for appellee The Trinity River Authority of Texas.

John Wildenthal, Jr., City Atty., Vinson, Elkins, Weems & Searls, Victor Bouldin, Fulbright, Crooker, Freeman, Bates & Jaworski, Leon Jaworski, L. Keith Simmer and Wiley Caldwell, Houston, for appellees Louie Welch and City of Houston.

WERLEIN, Justice.

This suit was brought by appellants to have declared void and unenforceable a contract between appellee, City of Houston, and appellee, the Trinity River Authority of Texas, dated on or about September 8, 1964, and to enjoin the appellees from performing the contract and from endorsing or otherwise guaranteeing bonds to be issued pursuant thereto. This suit was filed shortly before the bonds contemplated by the contract were to have been issued and sold and shortly before the project was to have been commenced.

The contract provides for the construction of Livingston Reservoir and Salt Water Barrier, sometimes referred to as the Livingston Dam and Reservoir Project, or Lake Livingston, on the Trinity River, from which the City of Houston would receive water. "The contract contains detailed provisions covering many areas of agreement. * * * the Authority agrees to supply to the City and the City agrees to take 70% of the water yield of the Livingston Reservoir and the Salt Water Barrier Projects, when constructed, for its own use and the use of the customers of its distribution system; and the City agrees to pay to the Authority from the revenues of its water system an amount equal to the amount of the Authority's bonds and interest thereon as the same becomes due. The contract was authorized on behalf of the City by the qualified electors thereof by an affirmative vote of 49,114 to a negative vote of 11,256, and on behalf of the Authority by a resolution of its Board of Directors." Trinity River Authority of Texas v. Carr, Attorney General, Tex.1965, 386 S.W.2d 790.

This suit was brought by appellants in their capacities as citizens and taxpayers of the City of Houston, and property owners within the City, and also as purchasers and users of domestic water sold by the City of Houston. They alleged that they also filed the suit as a class action, suing on behalf of themselves and all taxpayers, property owners and citizens of the City including non-residents owning property or subject to taxation in the City, and all other persons interested in or affected by the issuance of any securities by the City of Houston for the purpose of financing directly or indirectly the Trinity River Project.

Appellants in their verified petition have alleged various reasons why the contract in question should be held invalid and unenforceable. In view of our holding herein, it will not be necessary to discuss appellants' contentions with respect to the invalidity of the contract since the sole question before us is whether the trial court erred in granting appellees a summary judgment on the ground that appellants did not have as a matter of law a justiciable or litigable interest in the subject matter of the suit. We have reached the conclusion that the trial court did not err in granting such judgment. In City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754, the Court said:

"* * * no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself. * * * It has been intimated that the reason this rule was established was in order to prevent a multiplicity of suits which might result if each individual were permitted to sue for damage resulting from a public nuisance which was common to all others, but we apprehend that the underlying principle is that individuals have a right to sue for a redress of their own private injuries, but for such as affect all the public alike an individual is not the representative of the public interest."

Since this rule of decision was announced by Justice Gaines, it has been followed and approved not only by a number of our courts of civil appeals but also by our Supreme Court in refusing outright writs of error in several cases. Among the controlling authorities, in addition to the case of City of San Antonio v. Stumburg, supra, are: Clark

v. City of San Angelo, 269 S.W.2d 594, Tex. Civ.App.1954, no writ hist.; Fisher v. City of Bartlett, Tex.Civ.App.1934, 76 S.W.2d 535, error dism.; Hazelwood v. City of Cooper, Tex.Civ.App.1935, 87 S.W.2d 776, error ref.; West Texas Utilities Co. v. Smith, Tex.Civ.App.1943, 168 S.W.2d 665, error ref.; Powell v. City of Baird, Tex. Civ.App.1939, 132 S.W.2d 464, no writ hist.; Houston Natural Gas Corp. v. Wyatt, Tex. Civ.App.1962, 359 S.W.2d 257, no writ hist.; Estes v. City of Granbury, Tex.Civ.App. 1958, 314 S.W.2d 154, error ref.; Hoff v. Westhoff, Tex.Civ.App.1936, 102 S.W.2d 293, error ref.; and Schenker v. City of San Antonio, Tex.Civ.App.1963, 369 S.W.2d 626, ref., n. r. e.

In Hazelwood v. City of Cooper, Tex. Civ.App., 87 S.W.2d 776, error ref., the court stated:

"It is apparent from a study of the petition of the appellant, as well as from his brief filed in this cause, that he bases his right to bring this cause of action on the fact 'that he is a long-resident, property-owning taxpayer of the city of Cooper, Delta County, Texas; that he is likewise a user of electric current for himself and family and in his business  *  *  *.' "

"  *   *   *

"As stated in the beginning, it appears from the petition of the appellant that the notice of election and the bonds voted by the people of the city of Cooper contained the statutory provision that they could never be a debt against the city, payable out of funds raised, or to be raised by taxation; but the payment of said bonds would be made out of the proceeds derived from the operation of the plant. Therefore, the injuries, if any, of which appellant complains are common to all the citizens of Cooper and not peculiar to him. By this action of the city of Cooper in contracting with the Central Engineering & Supply Compa-

ny for the construction of a municipal light plant and executing a mortgage thereon, the appellant, Hazelwood, has not been singled out and had special damages inflicted upon him.

"  *   *   *

"Therefore, in our opinion, the appellant has shown no litigable interest in this suit, and the trial court properly sustained the general demurrer to his petition because same stated no cause of action which was peculiar to him and not to all other citizens in the city of Cooper. We think this case is governed in its entirety by the case of Fisher et al. v. City of Bartlett et al., supra, to which attention is directed."

In Powell v. City of Baird, Tex.Civ.App., 132 S.W.2d 464, the plaintiffs sued as citizens, taxpayers and users of electric current, to cancel a contract for the construction of a municipal electric power plant and to enjoin the issuance of bonds therefor. The court said:

"Since by virtue of the law the injunction issued by the trial court, and the contract the bonds are not a debt of the city, are not payable from taxes and, if paid, can be paid only from the income from the municipal plant, and since this is likewise true of the expense of operation and maintenance (which constitutes a first lien on such income), the facts alleged do not show that either as resident citizens, taxpayers, or users of electricity, plaintiffs and interveners have suffered or will suffer any injury or damage, much less a pecuniary loss or damage peculiar to them, and different from that which may be suffered by other citizens of Baird.  *   *   *"

In Hoff v. Westhoff, Tex.Civ.App., 102 S.W.2d 293, writ ref., suit was brought by the plaintiff as a voter and taxpaying citizen of the city of Yorktown to contest an election under which revenue bonds were to be issued for constructing and installing

an electric light and power system for the city. This Court held that the plaintiff had no justiciable interest, citing City of San Antonio v. Stumburg, supra.

In Estes v. City of Granbury, 314 S.W.2d 154, writ ref., suit was brought to enjoin the city from selling and disposing of certain utility bonds for the payment of which the city proposed to pledge the combined receipts from its electric, sewer and water systems. The plaintiff sued as a resident citizen of the city and as a taxpayer. In holding that the plaintiff had no justiciable interest, the court said:

"The bonds were voted under the provisions of Article 1111 et seq., Vernon's Ann. Texas St., wherein it is provided that 'No such obligation of any such systems shall ever be a debt of such city or town, but solely a charge upon the properties of the system so encumbered, and shall never be reckoned in determining the power of any such city or town to issue any bonds for any purpose authorized by law'; and (Article 1114) 'Every contract, bond, note or other evidence of indebtedness issued or included under this law shall contain this clause: "The holder hereof shall never have the right to demand payment of this obligation out of any funds raised or to be raised by taxation.' "

"We think it is established by the decisions that a taxpaying citizen cannot maintain such a suit as this without alleging an injury peculiar to himself. West Texas Utilities Co. v. Smith, Tex. Civ.App., 168 S.W.2d 665, writ refused; Fisher v. City of Bartlett, Tex.Civ. App., 76 S.W.2d 535; City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754; Yett v. Cook, 115 Tex. 205, 281 S.W. 837; Womack v. City of West University Place, Tex.Civ.App., 32 S.W.2d 930; Tyrrell & Garth Inv. Co. v. City of Highlands, Tex.Civ.App., 44 S.W.2d 1059; Johnson v. Town of Refugio, Tex.Civ.App., 56 S.W.2d 674;

Powell v. City of Baird, Tex.Civ.App., 132 S.W.2d 464; Sullivan v. Universal Electric Const. Co. of Alabama, Tex. Civ.App., 227 S.W.2d 387; Hazelwood v. City of Cooper, Tex.Civ.App., 87 S.W.2d 776, writ refused."

█ In the instant case appellants allege no damage peculiar to themselves and not shared by all others similarly situated. Their petition shows that they sue as resident citizens, taxpayers, purchasers and users of domestic water, and that they are suing not only for themselves but for all others similarly situated. It is our view that they have not shown that they have any justiciable interest in any of such capacities that would permit them to enjoin the performance of the contract in question or have it declared void and unenforceable.

Appellants do not contend in their petition or in their brief that any of the funds necessary for the performance of the contract by the City of Houston in connection with the Lake Livingston Project will be raised by taxation. The contract itself recites that the necessary funds for the project "shall constitute an operating expense of the City of Houston Water System, and shall be payable from the revenues of such system."

The contract further provides that the bonds to be issued are to be endorsed as follows:

"The City of Houston, Texas is unconditionally obligated to provide at the bank of payment as a water operating expense of its water system, out of revenues received from the operation of such system, an amount of money equal to the interest on this bond as it accrues and the principal hereof when it matures, which shall be used solely for such purpose."

In their pleadings, appellants allege:

"The second Trinity River contract (being the one in question) and the expenditures by the City thereunder and

the illegal rates hereinafter alleged are a part and parcel of an over-all scheme, plan and design on the part of the City and its Mayor to finance such illegal contract at the expense of the domestic water consumers of the City of Houston."

Parenthetically, it may be observed that there are probably hundreds of thousands of domestic water users in the City of Houston, and that the term "citizens" for whom the suit was brought is broad enough to include both domestic and industrial water users.

Thus, appellants' allegations in their petition as well as the provisions of the contract attached thereto as an exhibit show that tax funds are not to be used in connection with the project in question. Appellants have not alleged any injury peculiar to themselves.

We have read the authorities cited by appellants and find for the most part that they are factually inapplicable to the present case. In the case of McCann v. Akard, Tex.Com.App.1934, 68 S.W.2d 1033, cited by appellants, the question of justiciable interest was not raised, and hence such decision will not be regarded as an authority on the question of justiciable interest. In Hoffman v. Davis, Tex.Com.App.1937, 128 Tex. 503, 100 S.W.2d 94, the court said:

> "The right of a taxpaying citizen to go into a court of equity and enjoin public officials from the expenditure of public funds under an illegal contract is given general recognition. It has received the sanction of this court. Looscan v. County of Harris, 58 Tex. 511; City of Austin v. McCall, 95 Tex. 565, 68 S.W. 791; Terrell v. Middleton (Tex.Civ.App.) 187 S.W. 367 (error refused 108 Tex. 14, 191 S.W. 1138, 193 S.W. 139)."

It will be noted that in the Hoffman case the expenditure was of public funds under an illegal contract. We are of the opinion that the court had reference to the expenditure of public funds raised by taxation since a taxpayer would have a justiciable interest in the expenditure of such public funds. See Walling v. Kimbrough, Tex.Civ.App. 1963, 365 S.W.2d 941, aff'd 371 S.W.2d 691, in which it clearly appears that the taxpayer was undertaking to enjoin the use of city funds by the city in connection with a water project. To similar effect see Osborne v. Keith, 142 Tex. 262, 177 S.W.2d 198.

■ A summary judgment is to be granted when there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law. Rule 166–A, Texas Rules of Civil Procedure. In Clark v. City of San Angelo, Tex. Civ.App., 269 S.W.2d 594, the defendants raised plaintiff's lack of justiciable interest in their motion for summary judgment, which motion the trial court sustained. The Court of Civil Appeals held that "Appellant, as a taxpaying citizen of the city, who is a user of water, does not have such justiciable or litigable interest to attack the validity of a bond issue that is payable solely out of revenues of a water supply system of a municipality that can never be paid out of tax funds. Sullivan v. Universal Electric Construction Co. of Alabama, Tex.Civ.App., 227 S.W.2d 387, error ref., n. r. e."

Since as a matter of law appellants have no justiciable interest in the subject matter of their suit, the court properly granted the summary judgment. Wright v. Wright, Tex.Sup.1955, 154 Tex. 138, 274 S.W.2d 670; Sledge v. Humble Oil & Refining Co., Tex.Civ.App., 340 S.W.2d 517.

Judgment affirmed.